Bernice WISE, Administratrix of the estate of Arthur Wise, Deceased, Plaintiff-Appellant,

v.

CITY OF CHICAGO, John Melaniphy, Corporation Counsel of the City of Chicago, Sol M. Glick, Asst. Corporation Counsel, Defendants-Appellees.

No. 13659.

United States Court of Appeals
Seventh Circuit.

Sept. 27, 1962.

Rehearing En Banc Denied
Oct. 25, 1962.

David S. Minor, Chicago, Ill., for appellant.

John C. Melaniphy, Sydney R. Drebin, and Allen Hartman, Chicago, Ill., for appellees.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Bernice Wise, Administratrix of the estate of Arthur Wise, deceased, plaintiff-appellant, filed her Complaint at Law in the United States District Court to recover $1 million from defendants-appellees, City of Chicago, John Melaniphy, Corporation Counsel of the City of Chicago, and Sol M. Glick, Assistant Corporation Counsel, on the ground that Arthur Wise, deceased, had suffered deprivation of his civil rights and had been injured in his rights under the United States Constitution at their hands.

From the Complaint it appears that Arthur Wise was tried in the Municipal Court of Chicago on charges of building code violation, found guilty and fined $1,000. Mr. Wise took his appeal to the Illinois Appellate Court, asserting that the Municipal Court Judge had forced him to trial without advice of counsel, and had arbitrarily denied him even a few hours' continuance to secure witnesses who could prove that the alleged violation of the Municipal building code had been corrected before the action against Mr. Wise in the Municipal Court had been filed. It is nowhere alleged that the fine was paid, or that notice of appeal was supported by a bond to secure the adverse party, so that the notice of appeal might operate as a supersedeas pursuant to Illinois Revised Statutes (1961) Ch. 110, Par. 82(1). In oral argument before this Court, counsel for Mrs. Wise contended that failure to apply for a supersedeas bond permitted execution of the unpaid judgment for the fine against property of the decedent only. However, the Corporation Counsel's office elected instead to proceed under Illinois Municipal Code [Ill. Rev.Stat. (1961) Ch. 24, Par. 1–2–9] which provides that:

"The person upon whom any fine or penalty is imposed, upon the order of the court * * * before whom the conviction is had, may be committed * * * to any place provided by ordinance for the incarceration of offenders until the

fine, penalty, and costs are fully paid."

and under the Municipal Code of Chicago, Ch. 24, Sec. 24–5, which provides for receiving ordinance violators at the House of Correction. Thus defendant Sol M. Glick, Assistant Corporation Counsel, secured an order for the commitment of Mr. Wise. It is plaintiff's position that the Municipal Court lost jurisdiction of the cause and was powerless to enter an order for the commitment because 60 days had elapsed since the imposition of the fine and because the Illinois Revised Statutes (1961) Ch. 110, Par. 76(2), provides that an appeal is perfected when notice of appeal is filed in the lower court.

In describing the issuance of the order for commitment in her Amended Complaint, plaintiff states that the Corporation Counsel's office served notice of motion for entry of an order for warrant, arrest and commitment of Arthur Wise; that plaintiff's counsel appeared in the Municipal Court and argued that the Municipal Court had lost jurisdiction to enter such an order by virtue of the time lapse and notice of appeal; that the files were not then in Court, because they were in process of compilation for the Appellate Court; that the Municipal Court Judge stated that the motion could not be heard without the file; that plaintiff's counsel then left the courtroom; that the Assistant Corporation Counsel then secured the file, brought it into Court, and in the absence of plaintiff's counsel, procured the entry of the order for warrant, arrest and commitment.

Both the original and the Amended Complaint aver that prior to the issuance of the warrant, Mr. Wise was the victim of a near-fatal "hit and run" accident, that despite his invalid condition, he was forcibly taken from his home by bailiffs of the Municipal Court and removed to the House of Correction Hospital, where he died three months later.

The defendants moved to dismiss plaintiff's original Complaint in the District Court on the ground that it failed to state a claim on which relief could be granted. Brief in support of that motion was filed, to which plaintiff filed her brief in opposition, and defendants filed their brief in reply. Shortly after filing her brief in opposition to the motion to dismiss, plaintiff filed a motion to amend the Complaint. Plaintiff argues that no responsive pleading having been filed, plaintiff was at liberty to amend her Complaint as a matter of right, but that it would be reversible error to deny leave to amend when plaintiff had sought it. Counsel for plaintiff states in his affidavit (Plaintiff's Appendix, page 50) that the District Judge recommended withdrawal of the motion for leave to amend pending decision on the pending motion to dismiss on which the court already had extensive briefs, and that, pursuant to this recommendation of Court, counsel withdrew his motion for leave to amend on October 16, 1961.

On November 22, 1961, the District Judge allowed the motion to dismiss. On December 4, 1961, plaintiff renewed her motion to amend and moved to vacate the dismissal. In the affidavit filed in support of this motion, counsel for plaintiff alleged that additional and material facts and wrongful acts of defendants could be set out; that matters recited in the Complaint could be set out more fully and with greater specification; that there had been continuing damage, including a foreclosure suit, loss of rents and profits, losses consequent on inability to pay Mr. Wise's debts during his incarceration; all of which counsel wished to incorporate in an amended complaint.

Plaintiff asserts that the District Judge directed submission of the proposed Amended Complaint for examination by the Court within five days, which plaintiff describes as inadequate for preparation of such Amended Complaint.

On December 13, 1961, the District Judge denied leave to amend because he found that the proposed Amended Complaint, as submitted, did not cure the defects of the original Complaint. Plaintiff moved to set aside this order.

On December 26, 1961, having heard argument of counsel, the District Court vacated the order of December 13, 1961; granted leave to file the Amended Complaint; allowed defendants' motion to strike the original Complaint to stand as to the Amended Complaint; and allowed that motion because of plaintiff's failure to state a claim on which relief could be granted.

Plaintiff contends that the motion of defendants to strike the Amended Complaint ought to have been made in writing after service of notice. The record, however, shows that this motion was made in open court in the course of the hearing on December 22, 1961, on plaintiff's motion to vacate the order of December 13, 1961, and without objection at that time from plaintiff.

On January 4, 1962, the District Court denied a motion to vacate the orders of December 26, 1961, and this appeal followed.

■ In our opinion, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and Stift v. Lynch, 7 Cir., 1959, 267 F.2d 237, are dispositive of this appeal. Plaintiff attempts to distinguish these cases from the matter before us. Those elements in the Complaint and Amended Complaint on which plaintiff relies as distinguishing factors constitute argumentative and conclusory averments rather than factual allegations, and, as such, contrary to plaintiff's assertion, are not admitted by the motion to dismiss.

■ Plaintiff invoked the jurisdiction of the District Court under Title 42 U.S. C.A. § 1983. In Monroe v. Pape, supra [365 U.S. 187, 81 S.Ct. 484, 5 L.Ed.2d 505] the United States Supreme Court held that Congress did not undertake to bring municipal corporations within the ambit of that statute. In Stift v. Lynch, supra [page 239 of 267 F.2d]. Chief Judge Duffy, speaking for this Court, said:

"In Easton [Eaton] v. Bibb, 7 Cir., 217 F.2d 446, 449, we cited with approval Laughlin v. Rosenman, 82 U.S.App.D.C. 164, 163 F.2d 838, as authority for the proposition that prosecuting officials are not to be amerced by actions under the Federal Civil Rights Act for their actions in connection with official prosecutions even though it is alleged that such acts were done maliciously."

The defendants here are a municipal corporation and two prosecuting officials of that municipality. Because of the basis on which this appeal has been decided, we do not reach all of the other issues presented by plaintiff. We have carefully considered all arguments advanced on her behalf. None of them alters our conclusion that the ruling of the District Court must be affirmed.