Iberia HAMPTON, Administratrix on behalf of the Estate of Fred A. Hampton, Deceased, Plaintiff,

v.

The CITY OF CHICAGO, COOK COUNTY, ILLINOIS, et al., Defendants.

Fannie Mae CLARK, Administratrix of the Estate of Mark Clark, deceased, Plaintiff,

v.

The CITY OF CHICAGO, a Municipal Corporation, et al., Defendants.

Verlina BREWER, by her next friend, William R. Brewer, Plaintiff,

v.

The CITY OF CHICAGO, a Municipal Corporation, et al., Defendants.

Deborah JOHNSON et al., Plaintiffs,

v.

The CITY OF CHICAGO, a Municipal Corporation, et al., Defendants.

Nos. 70 C 1384, 70 C 2371, 70 C 3026, 70 C 3029.

United States District Court, N. D. Illinois, E. D.

Feb. 3, 1972.

Dennis Cunningham, Francis E. Andrew, Jeffrey Haas, Jonathan M. Hyman, Kermit Coleman, Cornelius E. Toole, James D. Montgomery, Chicago, Ill., David Scribner, New York City, William J. Bender, Newark, N. J., Arthur Kinoy, New York City, for plaintiffs.

Richard L. Curry, Corporation Counsel, City of Chicago, and Benjamin E. Novoselsky, John V. Virgilio, Michael S. Jordan, Asst. Corp. Counsels, and Edward V. Hanrahan, State's Atty., of Cook County, Ill., and Vincent Bentivenga, Nicholas Trovato, Gerald Mannix, Asst. State's Attys., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDERS

PERRY, District Judge.

On October 22, 1971, cases numbered 70 C 1384, 70 C 2371, 70 C 3026 and 70 C 3029 were by agreement and order of this court consolidated. Said cases were ordered to proceed for all purposes thereafter under case numbered 70 C 1384.

These suits are civil actions for damages. Plaintiffs allege defendants committed acts under color of law which deprived plaintiffs of their rights, privileges and immunities as guaranteed by the First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1981 et seq.

All four actions grow out of a "raid" by certain Chicago policemen (assigned as State's Attorney's Police) at an apartment located at 2337 W. Monroe Street in Chicago, Illinois, occupied by members of the Black Panther Party, and out of the aftermath of that raid. Plaintiffs allege certain of the defendants herein illegally entered said apartment on December 4, 1969 and assaulted them with deadly weapons, killing Fred Hampton in the presence of plaintiff Deborah Johnson, killing Mark Clark, and causing serious bodily harm to Verlina Brewer, Ronald Satchel, Blair Anderson and Brenda Harris. Plaintiffs Brewer, Johnson, Satchel, Anderson, Harris, Harold Bell and Louis Trueluck further charge they were illegally arrested, falsely imprisoned and prosecuted wrongfully and maliciously. Sued are the Chicago police officers who participated in the raid; certain other police officers assigned to the Crime Laboratory and Internal Inspections Division of the Chicago Police Department; the State's Attorney of Cook County and three Assistant State's Attorneys; the

City of Chicago as employer of the police officers; the County of Cook as employer of the state's attorneys; the Mayor of the City of Chicago, and the Superintendent of the Chicago Police Department.

The allegations made in these four suits are voluminous, and the court in this particular memorandum and order will not attempt here to set them forth in detail, nor further attempt to summarize them. The complaint in 70 C 1384 ("the Hampton case") covers 15 pages; in 70 C 2371 ("the Clark case"), 9 pages; in 70 C 3026 ("the Brewer case"), 42 pages; and in 70 C 3029 ("the case of Johnson, et al."), 68 pages.

Various defendants in the various cases have moved to dismiss the complaints wherein they are named for failure to state a cause of action and for lack of jurisdiction. Other motions to extend time to plead and motions to stay discovery have been filed. Plaintiffs have responded to the various motions and defendants have made reply. Following consolidation of the actions, other motions were filed by defendants on November 17, 1971; and on December 15, 1971, plaintiffs filed further answer to various defendants' motions to dismiss in this consolidated cause.

The court has now reviewed the four complaints and has read and considered all the motions and all the briefs and/or memoranda of the parties in support of their respective positions. The court's memorandum and its orders follow:

*As to the Motions to Strike and Dismiss of the City of Chicago:*

■ The City of Chicago is a defendant in all four consolidated cases. Jurisdiction is alleged under the Civil Rights Act (42 U.S.C. § 1981 et seq.) The City of Chicago is a municipal corporation and not a "person" within the meaning of the Civil Rights Statute. It is now well established that an action for damages will not lie against a municipal corporation on these jurisdictional allegations. Monroe v. Pape, 365 U.S. 167, 191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United

States ex rel. Lee v. State of Illinois, 343 F.2d 120 (7th Cir., 1965); Fisher v. City of New York, 312 F.2d 890 (2nd Cir. 1963); Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y., 1964); Wilcher v. Gain, 311 F.Supp. 754 (N.D.Cal., 1970).

■ The civil rights statutes are aimed at individuals who subject others to deprivation of their civil rights and personal involvement is contemplated. They are not aimed at the city which employs them. Plaintiffs seek to hold the city liable here for the acts of its employees under the doctrine of *respondeat superior*. The theory that a municipality is liable for the failure to properly train, discipline, supervise, etc. its employees has been advanced in numerous cases in this court and elsewhere. The theory has been struck down. Salazar v. Dowd, 256 F.Supp. 220 (D.Colorado, 1966); and in this court, Down v. Daley, 69 C 1789; Williams et al. v. Barnes et al., 69 C 1942; Sanberg v. Daley, Mayor of the City of Chicago et al., 306 F.Supp. 277. Additionally, governmental entities have defenses under Chapter 85, Ill.Rev. Stats. (1969).

All of the counts in all four complaints as they relate to the City of Chicago should be stricken and the City should be dismissed from all four suits as a party defendant. It is, therefore, Ordered that the City of Chicago be and it is hereby dismissed as a party defendant in this consolidated case.

*As to the Motions to Strike and Dismiss of the County of Cook, Illinois:*

■ As in the case of the City of Chicago, the county is not a "person" within the definition of the Civil Rights Act. Monroe v. Pape and other cases, supra, and Dodd v. Spokane County, Washington, 9th Cir., 393 F.2d 330.

■ Plaintiffs, likewise, seek to recover damages against the County of Cook under the doctrine of *respondeat superior* based upon the alleged negligent acts of the State's Attorney of Cook County and certain Assistant State's Attorneys. The Illinois Local Governmental and Govern-

mental Employees Tort Immunity Act (Ill.Rev.Stats.1969, Chap. 85, § 1–101 et seq.) affords the County, as a local public entity, immunity from civil liability because of the acts of its employees done in the execution or enforcement of any law or committed by employees serving in positions involving determination of policy or exercise of discretion. The acts alleged to have been committed by said employees were done in their capacities as persons serving in positions involving said policy and discretion. Fustin v. Board of Education of Community Unit District No. 2, 101 Ill.App.2d 113, 242 N.E.2d 308; Woodman v. Litchfield Community School District No. 12, 102 Ill. App.2d 330, 242 N.E.2d 780; Mills v. County of Winnebago, 104 Ill.App.2d 366, 244 N.E.2d 65.

It is, therefore, Ordered that the County of Cook, Illinois be and it hereby is dismissed as a party defendant in the Hampton, Brewer and Johnson, et al. suits wherein it is named, and that the County of Cook be and it hereby is dismissed as a party defendant in this consolidated cause.

*As to the Motions to Strike and Dismiss as to Richard J. Daley, Mayor of the City of Chicago, and James B. Conlisk, Jr., Superintendent of Police of the City of Chicago.*

■ The Mayor of the City of Chicago and the City's Superintendent of Police are named as defendants in the Brewer and Johnson, et al. suits. These causes of action against these defendants cannot be maintained as they fail to state the personal, specific and factual involvement necessary to impose liability.

The civil rights statutes are premised on personal culpability, as aforesaid. The Mayor and Superintendent of Police are not charged here with any personal participation in the raid or direct infliction of injury on plaintiffs. Plaintiffs seek to hold them liable under the doctrine of *respondeat superior*. There is a lack of specificity in the complaints as to the failure of said Mayor and Superintendent to train and supervise police em-ployees and a lack of any showing that they had any immediate supervision, direction or control of the defendants executing the search warrant. To hold them liable under the doctrine of *respondeat superior* would be contrary to the law as decided in this District and elsewhere. Sanberg v. Richard J. Daley, Mayor of the City of Chicago, Down v. Daley and Salazar v. Dowd, all supra, and Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo., 1963).

The Mayor and the Superintendent of Police also are charged with conspiracy in allegations that there was a personal failure on their part to stop an alleged conspiracy they had the power to stop. This conclusory and general allegation is not well taken. Huey v. Barloga, 277 F.Supp. 864 (N.D.Ill., 1967).

In this court's opinion there is no showing of an act or an omission in dereliction of these defendants' public responsibility.

Accordingly, the motions of Richard J. Daley, Mayor of the City of Chicago, and James B. Conlisk, Superintendent, Chicago Police Department, to strike counts in the two complaints as to them are granted and it is Ordered that said defendants be and they hereby are dismissed as defendants in this consolidated cause in their individual and official capacities.

*As to the Motions to Strike and Dismiss of Edward V. Hanrahan, State's Attorney of Cook County, and Richard S. Jalovec, James Meltreger and Sheldon Sorosky, Assistant State's Attorneys.*

Plaintiffs allege various acts by the State's Attorney and three Assistant State's Attorneys in violation of plaintiffs' constitutionally protected rights. Among other things, plaintiffs allege that these defendants or some of them in their official capacities planned with others the raid upon the Monroe Street apartment and that as a result of the raid Fred Hampton and Mark Clark were killed and certain others wounded; that said defendants placed charges against some of the plaintiffs after planning with others

to do so; that said defendants caused the institution of criminal proceedings against some of the plaintiffs after planning to do so with others, and that said State's Attorney and Assistant State's Attorneys continued in the alleged malicious prosecution of said charges. The State's Attorney and Assistant State's Attorneys are not charged with on-the-scene participation in the raid, which raid was conducted by certain of the other defendants.

■ Said State's Attorney and Assistant State's Attorneys plead, among other things, their official and governmental immunity as a bar to the actions against them and their immunity from civil liability for damages arising out of the performance of their official duties. The State's Attorney and Assistant State's Attorneys were, at all times enumerated by plaintiffs, quasi-judicial officers of the State of Illinois and in the performance of their official duties. They are immune under the Illinois Tort Immunity Act, Ill.Rev.Stat. (1969), Ch. 85, § 1–101 et seq.

A part of their official duties was and is the draftsmanship of legal papers, such as a search warrant. Their official duties and responsibilities include the necessary investigation of facts and evaluation of evidence so that they can determine from such facts and evidence whether or not an offense had been committed and what offenses an accused can be charged with. Such officials are necessarily involved in the presentation of the legal aspects of a case.

■ In their quasi-judicial character and function the State's Attorney and Assistant State's Attorneys are immune from liability herein and enjoy the same common law immunity as afforded the judiciary. This immunity has not been abrogated by the enactment of the Civil Rights Act. Bauers v. Heisel, 361 F.2d 581 (3 Cir. 1966); Kostal v. Stoner, 292 F.2d 492 (10th Cir. 1961); Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L. Ed. 646; Cawley v. Warren, 216 F.2d 74 (7th Cir., 1954); Stift v. Lynch, 267 F. 2d 237 (7th Cir. 1959); Smith v. Dough-

erty et al., 286 F.2d 777 (7th Cir., 1961); Agnew v. Moody, 330 F.2d 868 (9th Cir., 1964); Wise v. City of Chicago, 308 F.2d 364 (7th Cir., 1962).

Here, too, as to these particular defendants the court has found many of the allegations conclusory. There are not sufficient allegations made by plaintiffs that these defendants went outside their judicial or quasi-judicial capacities and engaged in investigatory conduct other than that necessary to carrying out their duties in their judicial function.

There is no factual showing of malice or lack of good faith conduct by the State's Attorney and three Assistant State's Attorneys individually or in the performance of their official duties. Nor is there a sufficient showing that their alleged acts or omissions were unreasonable under the circumstances.

The principle of granting immunity to prosecuting attorneys has been recognized in many cases. (Bauers v. Heisel and other cases, supra). As was said in Bauers, 361 F.2d at pages 589 and 590:

". . . we believe that both reason and precedent require that a prosecuting attorney should be granted the same immunity as is afforded members of the judiciary. The reasons are clear: his primary responsibility is essentially judicial—the prosecution of the guilty and the protection of the innocent. . . . his office is vested with a vast quantum of discretion which is necessary for the vindication of the public interest. In this respect, it is imperative that he enjoy the same freedom and independence of action as that which is afforded members of the bench. This reasoning is nearly as well established in Anglo-American law as judicial immunity itself . . ."

The motions to strike and dismiss of the State's Attorney and three Assistant State's Attorneys should be granted and it is, therefore, Ordered that said Edward V. Hanrahan, Richard S. Jalovec, James Meltreger and Sheldon Sorosky be and they hereby are dismissed as parties defendant in the complaints where named and in this consolidated cause in

both their individual and official capacities.

*As to the Motions to Strike and Dismiss of John Mulchrone, Harry Ervanian, John Meade, Robert Kukowinski, David Purtell, Charles Koludrovic and John Sadunas.*

These police officers were not part of the so-called State's Attorney's detail. They were policemen assigned either to the Crime Laboratory or the Internal Inspections Division of the Chicago Police Department. None of them are alleged to have actually participated in the raid on the apartment at 2337 W. Monroe Street, Chicago. Plaintiffs in the Brewer and Johnson, et al. cases allege the subsequent involvement of this group of policemen. Plaintiffs seek to involve them in alleged conspiracy to instigate and continue alleged malicious prosecution of plaintiffs.

Plaintiffs allege defendants Koludrovic and "Doe" examined the premises of the raid "falsely" in order to justify the version of the incident by the State's Attorney's detail; that defendants Mulchrone, Ervanian, Meade, Kukowinski and "Roe" intentionally modified procedures and limited questions put to the other policemen; that Sadunas and Purtell produced a false and misleading firearms report, and that Sadunas and Koludrovic testified falsely all to the same end.

This group is among those defendants alleged by plaintiffs to have conspired to deprive plaintiffs of equal protection of the law and their civil rights by alleged wrongful and malicious prosecution. In this court's opinion there is not set forth by plaintiffs the required degree of specificity as to what each of these policemen (not part of the detail) did to interfere with the constitutional rights of each affected plaintiff so as to impose liability. It appears to the court that plaintiffs are attempting to hold these defendants liable for the acts of persons other than themselves or for the failure of other persons to act. ■ These defendants caused no physical injury to any of the plaintiffs.

They are not liable under the doctrine of *respondeat superior*. Some had to do with the investigation of the need, if any, to discipline any of the other defendant police officers who attempted to execute a search warrant. They had to do in various ways with the internal police department review of the conduct of the other group of police officers. This was an internal police department matter and plaintiffs were not parties thereto. As to the matter of the laboratory tests, the defendants making the tests were public employees in the exercise of a discretionary function and there is lack of specificity as to malice or lack of performance in good faith.

There is not sufficient pleading as to these defendants and lack of sufficient showing their actions caused the deprivation of any of plaintiffs' rights.

Defendants John Mulchrone, Harry Ervanian, John Meade, Robert Kukowinski, David Purtell, John Sadunas and Charles Koludrovic are hereby dismissed as parties defendant where named in these consolidated actions and it is Ordered that they be and they are hereby dismissed as party defendants in this consolidated cause in their individual and in their official capacities.

*As to the Motions to Strike and Dismiss of defendants James Davis, Daniel Groth, Edward Carmody, John Ciszewski, Ray Broderick, George Jones, John Marusich, Lynwood Harris, Fred Howard, William Corbett, William Kelly, Philip Joseph, Joseph Gorman and Robert Hughes.*

These police officers of the City of Chicago were detailed and/or on detached service with the Office of the Cook County State's Attorney as State's Attorney's police or detail. This group of policemen is charged in all four of the consolidated complaints with actual on-the-scene participation in the raid on the Monroe Street apartment occupied by Fred A. Hampton, Mark Clark, Verlina Brewer, Deborah Johnson, Ronald Satchel, Harold Bell, Blair Anderson, Brenda Harris and Louis Truelock. Plaintiffs charge illegal and forced entry of

the apartment and the unjustifiable use of excessive and deadly force by these officers acting under color of law. In the various complaints these policemen are charged with killing Fred Hampton in the presence of his fiance, Deborah Johnson, with killing Mark Clark, with wounding plaintiffs Satchel, Anderson and Harris, and with physically and verbally abusing and illegally arresting plaintiffs Brewer, Johnson, Satchel, Bell, Anderson, Harris and Truelock. They are also charged with conspiracy and conspiracy in connection with alleged and malicious prosecutions. These allegations and others are set forth in detail in the various complaints.

■ As to certain of the allegations made in the complaints against these defendants, the court is of the opinion that there are questions of fact and of law that cannot be resolved except upon trial.

Therefore, the motions of James Davis, Daniel Groth, Edward Carmody, John Ciszewski, Ray Broderick, George Jones, John Marusich, Lynwood Harris, Fred Howard, William Corbett, William Kelly, Philip Joseph, Joseph Gorman and Robert Hughes to dismiss them as parties defendant in this consolidated cause is hereby denied.

The court is hereinafter granting plaintiffs leave to file amended complaints in this consolidated cause against these defendants and said defendants are directed to answer or otherwise plead within 20 days of the filing of said amended complaints.

*Further Memorandum and Orders:*

The court hereinabove having dismissed certain defendants as party defendants herein, any motions filed by the dismissed parties, such as to extend time to answer or plead, or to stay discovery, now are moot and require no ruling by the court.

The court finds the four complaints filed herein do not conform to the rules of pleading. All of the complaints are broad and contain a multiplicity of bare conclusory allegations without any support in the facts alleged. The complaints are replete with descriptive phrases that are scandalous and irrelevant. The court has spent considerable time in an attempt to detail the counts to be stricken in so far as they relate to the parties being dismissed and to direct elimination, where proper, of those references to defendants already hereinabove dismissed from these cases. It has likewise considered the striking of the innumerable words and phrases which are scandalous and the striking of material which is irrelevant and which constitutes the pleading of alleged evidence. It finally became the court's opinion and conclusion that even if it were to set forth in voluminous detail all the counts or parts thereof that should be stricken in these complaints, in the end the original complaints would not be clearly readable, understandable and in a useable condition.

It is, therefore, Ordered that each and all of the four complaints filed herein be and they hereby are stricken in their entirety. Plaintiffs in each of the four consolidated cases are given leave to file an amended complaint (under the consolidated case number and title, No. 70 C 1384, Iberia Hampton, Administratrix, on behalf of the Estate of Fred A. Hampton, Deceased, vs. James Davis, et al.) within 30 days hereafter against those certain defendants not already dismissed herein as party defendants. Plaintiffs are Ordered to conform to the rules of pleading in their amended complaints. Defendants are given 20 days after the filing of the amended complaints to answer or plead thereto, as aforesaid.

The motions of the police officers remaining as defendants herein to stay discovery are denied. The court directs discovery to proceed in this consolidated cause except that no defendant remaining herein who is, or may be, under indictment in Cook County, Illinois, for charges related to the subject matter of these law suits, shall be required to make any answer to request for admissions, give any statement, answer any interrogatory or give his deposition, orally or in writing, herein until after the final

order of the Criminal Court of Cook County has been entered therein, including a final disposition thereof in the highest court to which such order may be appealable either directly or indirectly.

The court having completely adjudicated plaintiff's claims against certain parties defendant herein by granting their motions to dismiss and dismissing them as defendants herein, and, further, the court having expressly determined that there is no just reason for delay in entering final judgment as to them, it is hereby Ordered that final judgment be and the same is hereby entered herein dismissing the four actions of all the plaintiffs and this consolidated cause as to defendants City of Chicago; County of Cook, Illinois; Richard J. Daley, Mayor of the City of Chicago; James B. Conlisk, Superintendent of Police of the City of Chicago; Edward V. Hanrahan, State's Attorney of Cook County; Richard S. Jalovec, James Meltreger and Sheldon Sorosky, Assistant State's Attorneys; John Mulchrone, Harry Ervanian, John Meade, Robert Kukowinski, David Purtell, Charles Koludrovic and John Sadunas.