**Henry H. HOPKINS, Petitioner,**

v.

**CITY OF CHICAGO, Respondent.**

**No. 72 C 197.**

United States District Court,
N. D. Illinois.

May 17, 1973.

Henry Hopkins, pro se.

Richard Curry, Corp. Counsel, for the City of Chicago, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of the petitioner for the appointment of counsel. Before exercising its discretion in making such an appointment, this Court first examines the complaint to determine if it in fact states a cause of action.

Petitioner is presently incarcerated at the Illinois State Penitentiary at Menard, Illinois. The respondent is the City of Chicago. Petitioner entitles his complaint "a Writ of Certiorari"; the complaint cites no basis for the Court's jurisdiction.

The facts giving rise to the instant suit may be briefly summarized. In 1957, plaintiff was found guilty of rape by a Circuit Court of Cook County and sentenced to serve a term of 50 years. At that time, petitioner requested a free transcript of the proceedings; this motion was denied. In October of 1970, petitioner again sought a free transcript, but this request was denied by the Circuit Court. Finally, on October 4, 1971, the Supreme Court of the State of Illinois denied a similar motion for a free transcript. Petitioner has now filed the instant complaint requesting the Court either to order the Illinois court to give him a transcript or to "dismiss his conviction" and "reverse the indictment."

This Court is aware that *pro se* complaints must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, we attempt to interpret the instant complaint as a Civil Rights Action, or in the alternative, as a petition for habeas corpus relief. It is clear from the instant complaint, however, that under no set of facts is petitioner entitled to relief against the named respondent.

Respondent is the City of Chicago, a municipal corporation. If the present petition is construed as a Civil Rights Action, the petition must be dismissed since the City of Chicago is not a "person" within the meaning of 42 U.S.C. § 1983. Hampton v. City of Chicago, 339 F.Supp. 695 (N.D.Ill.1972); see also Yumich v. Cotter, 452 F.2d 59 (7th Cir. 1971). If the complaint is construed as a petition for habeas corpus relief, the suit must also be dismissed. Petitioner is an inmate of the Illinois State Penitentiary. Respondent City of Chicago clearly does not hold petitioner "in custody" as required by 28 U.S.C. § 2254. It is well settled that if a habeas corpus he must direct his petition against the state officials holding him in custody. Moore v. United States, 339 F.2d 448 (10th Cir. 1964). Petitioner fails to state a cause of action under either interpretation of his complaint.

For the foregoing reasons, the motion for the appointment of counsel is denied and the petitioner's suit is dismissed.