**William Minor PATRUM, Jr., Plaintiff,**

v.

**William MARTIN, George Huddleston and City of Greensburg, Kentucky, Defendants.**

**No. 1309.**

United States District Court
W. D. Kentucky,
Bowling Green Division.

Nov. 8, 1968.

Eubanks & Gardner, by Gary L. Gardner, Louisville, Ky., for plaintiff.

Bell, Orr & Reynolds, by Reginald L. Ayers, Bowling Green, Ky., for defendants.

## MEMORANDUM AND ORDER

SWINFORD, District Judge.

This action is brought invoking the court's jurisdiction under Section 1343(3) of Title 28, United States Code, and invoking the "pendent jurisdiction" of this court. Named as defendants are a police officer, the mayor, and the City of Greensburg. The defendants have moved to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

Defendants' first contention is that an action does not lie under 28 U. S.C. § 1343(3) or 42 U.S.C. §§ 1983 and 1985 against a municipality or a mayor thereof. A municipal corporation is immune from liability under the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741.

The mayor, or any official who has general supervision over the police officer who committed the allegedly wrongful acts, is not responsible under the Civil Rights Act unless he was present or personally directed such acts or cooperated in them. Jordan v. Kelly, W.D.Mo., 223 F.Supp. 731; Runnels v. Parker, C.D.Cal., 263 F.Supp. 271. The Complaint herein alleges in paragraph 7 that the defendant police officer "was acting pursuant to orders and directions from Defendant, City of Greensburg, by and through its mayor and highest executive officer, Defendant, George Huddleston", in paragraph 10 that the mayor knew of the police officer's dangerous propensities but did not attempt to halt his course of conduct, and in paragraph 11 that the wrongful acts were commit-

ted "with the knowledge and consent of Defendants, City of Greensburg, and George Huddleston, Mayor, or were thereafter approved by said Defendants". These allegations, containing no definite assertion of the mayor's personal participation in the wrongful acts, are not sufficient to render him liable under the Civil Rights Act.

Plaintiff has alleged claims against the mayor and the city based on state law and attempts to invoke this court's pendent jurisdiction. I need not decide whether this court has the power, under the doctrine of pendent jurisdiction, to hear plaintiff's claims under state law, because the application of the doctrine would not be justified under the circumstances of this case. It is within the discretion of the court whether to hear claims invoking pendent jurisdiction. In United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, the Supreme Court said:

"That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."

The Supreme Court in *Gibbs* pointed out that the state claim prosecuted under the court's pendent jurisdiction, implicated the federal doctrine of pre-emption, and thus the state claim was closely tied to questions of federal policy. But in the instant case, there is no such justification for the exercise of pendent jurisdiction. The federal interest in this case can be substantially effectuated by providing a forum for the federal claim without the state claim, which is particularly local in character.

The motion to dismiss is sustained as to the defendants, George Huddleston and the City of Greensburg.

The motion to dismiss is overruled as to the defendant, William Martin.