Rolfe C. SANBERG, Plaintiff,

v.

Richard J. DALEY, Mayor of the City of
Chicago, et al., Defendants.

No. 69 C 1790.

United States District Court
N. D. Illinois, E. D.

Nov. 14, 1969.

Terence J. Tyksinski, Peterson,
Lowry, Rall, Barber and Ross, Chicago,
Ill., for plaintiff.

Raymond Simon, Corporation Counsel
of City of Chicago, and Peter Fitzpatrick, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiff claims that he was physically attacked by two unidentified Chicago policemen on August 28, 1968, during the Democratic National Convention. Seeking damages for his alleged injuries, plaintiff joins in this suit John Doe police officers, the City of Chicago, the Mayor of Chicago and police supervisory personnel. Counts 1 and 2 of the complaint invoke the federal civil rights statute, 42 U.S.C. §§ 1983 and 1986, charging intentional and negligent acts or omissions in violation of plaintiff's constitutional rights; counts 3 and 4 are based on the common law of Illinois. Each named defendant has moved to dismiss the complaint for failure to state a cause of action and for lack of jurisdiction.

Plaintiff's complaint reveals on its face that he and the named defendants are all residents of Illinois. Accordingly, there being no diversity, this court is without jurisdiction to enter-

tain counts 3 and 4. See 28 U.S.C. § 1332.

■ With regard to counts 1 and 2, it is beyond dispute that no cause of action for damages lies against the City of Chicago, a municipal corporation, under the civil rights statute, 42 U.S.C. §§ 1983 and 1986.[1] Monroe v. Pape, 365 U.S. 167, 191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Lee v. State of Illinois, 343 F.2d 120 (7th Cir. 1965); Fisher v. City of New York, 312 F.2d 890 (2d Cir. 1963); Vechiola v. City of Chicago, 244 F.Supp. 45 (N.D. Ill.1965); Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y.1964). The legislative history of these provisions was extensively reviewed in Monroe v. Pape, *supra*, the Court concluding that "[t]he response of the Congress to the proposal to make municipalities liable * * * was so antagonistic that we cannot believe that the word 'person' was used in this particular Act to include them." (p. 191 of 365 U.S., p. 486 of 81 S.Ct.)

As to the individual named defendants, the complaint alleges that they were charged with the control and supervision of the John Doe officers and knew, or should have known, of the "wrongs" committed by them. Further, it charges that these named defendants, with intentional or negligent disregard of plaintiff's constitutional rights, committed one or more of a number of acts or omissions. These include failure to adequately supervise and restrain these policemen, permitting their use of lethal weapons and excessive force, and failure to give adequate warning to plaintiff Sanberg.

■ The doctrine of *respondeat superior* has no place under the civil rights statutes, for "[p]ersonal involvement is contemplated." Salazar v. Dowd, 256 F. Supp. 220, 223 (D.Colo.1966). Premised on personal culpability, these statutes are aimed at those who subject others to a deprivation of their constitutional rights, rather than at the state or city which employs them or the official with ultimate authority over them in the governmental hierarchy.

■ Of course, supervisory personnel may be liable in damages if they personally participate in or direct the infliction of injury. Plaintiff does not charge, however, that the named defendants struck the blows, nor does he allege that they ordered the attack on plaintiff.[2] And the courts have uniformly held that police supervisory personnel are not liable for damages to one injured by police misconduct absent direct personal participation.[3] Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo. 1963); Pritchard v. Downie, 216 F. Supp. 621, 627 (E.D.Ark.1963); Runnels v. Parker, 263 F.Supp. 271 (C.D. Calif.1967); Patrum v. Martin, 292 F. Supp. 370 (W.D.Ky.1968); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969). The established rule was stated in

1. Plaintiff is not necessarily left without a state remedy against the City, for sovereign immunity has been abolished in Illinois. See Andrews v. City of Chicago, 37 Ill.2d 309, 311, 226 N.E.2d 597 (1967).

2. There is only a general allegation that one defendant, Commander Braasch, was "present" in Grant Park where the incident allegedly occurred.

3. Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969), is not in point, for there the court dealt with injunctive relief only. Courts construing the civil rights statutes, aware of the differences in purpose and effect between preventive and compensatory relief, have generally given equitable complaints a broader scope of applicability than that given complaints for damages. See, *e. g.*, United States v. Clark, 249 F.Supp. 720, 727–728 (S.D.Ala.1965); Rousselle v. Perez, 293 F.Supp. 298, 299 (E.D.La.1968). For example, even a municipality may be liable in equity although it is, of course, immune when damages are sought. Compare Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961), with Monroe v. Pape, *supra*.

Jordan v. Kelly, supra, 223 F.Supp. at 737:

> "Even though he (the police chief) may be charged with the duty of selecting the members of the force, he is not responsible for their acts unless he has directed such acts to be done, or has personally cooperated in the offense, for each police officer, is, like himself, a public servant."

Furthermore, although the rules of pleading in federal courts are to be liberally construed, they do not authorize complaints framed in merely conclusory and general terms.[4] Huey v. Barloga, 277 F.Supp. 864, 867 (N.D.Ill.1967). The thrust of the charges against these named defendants is that they are liable for plaintiff's injuries because of alleged gross failures to properly train, restrain and supervise the activities of the offending policemen. These allegations fail to state the personal, specific and factual involvement in the complained of attack necessary to impose liability.

Under these circumstances no useful purpose will be served by requiring these named defendants to respond to a complaint which wholly fails to involve them, either personally or in their official capacity, with any deprivation on their part of the plaintiff's civil rights. The order entered today will include the dismissal of these named defendants from Counts 1 and 2 on the basis that these counts fail to state a cause of action against them.

The plaintiff will be given 30 days to amend the complaint by identifying the John Doe defendants.[5] If such amendment is not filed within 30 days, the complaint will be dismissed.

---

4. Nor are they designed to permit broad discovery beyond the scope of the genuine issues, which would inevitably result if supervisory personnel were required to respond to general charges of the type set forth in this complaint.

5. Any discovery during this period will be limited to evidence which may lead to the identification of the John Doe defendants.