Patricia BARROWS, Plaintiff,

v.

Dave T. FAULKNER, Sheriff of Tulsa County, State of Oklahoma; Charles Gary James, Deputy Sheriff of Tulsa County, State of Oklahoma; Charles Maybee, Deputy Sheriff of Tulsa County, State of Oklahoma; and Western Surety Company, a Foreign Insurance Company, Defendants.

No. 70-C-120.

United States District Court,
N. D. Oklahoma,
Civil Division.

June 7, 1971.

C. Jack Maner, Tulsa, Okl., for plaintiff.

Coffey, Lassiter & Oliver, Tulsa, Okl., S. M. Fallis, Jr. and Andrew B. Allen, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Defendants Faulkner and his surety, Western Surety Company, move for summary judgment on the ground that Faulkner did not direct nor did he personally participate in the events giving rise to this action by Plaintiff under 42 U.S.C.A. § 1983. Plaintiff resists the Motion and requests the Court to retain the claim against Defendant Faulkner and his surety on the basis that they are liable to Plaintiff pursuant to the terms of 19 Okl.St.Ann. § 547.

 The basis upon which the rule cited by Defendant Faulkner rests is that the doctrine of respondeat superior does not apply in civil rights cases under 42 U.S.C.A. § 1983. Sanberg v. Daley, 306 F.Supp. 277 (Ill.1969). Plaintiff admits that Defendant Faulkner cannot be held accountable for the acts of his subordinates under respondeat superior and Plaintiff nowhere alleges that Defendant directed or personally participated in any of the acts of which Plaintiff complains and which constitute her federal civil rights cause of action. This being the case, Plaintiff fails to state any claim based on a federal ground against Defendant Faulkner and/or his surety.

Plaintiff urges that the Court may retain the case as to Defendant Faulkner and his surety under the doctrine of pendent jurisdiction and adjudicate the state law claim which she asserts against them. The doctrine of pendent jurisdiction does not go so far. It permits joinder of federal and non-federal claims arising out of a common nucleus of operative fact. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It does not permit joinder of parties. Both the federal and non-federal claims must be asserted against the same party. Hymer v. Chai,

407 F.2d 136 (Ninth Cir. 1969); Wojtas v. Village of Niles, 334 F.2d 797 (Seventh Cir. 1964), cert. den. 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558; Rosenthal & Rosenthal, Inc. v. Aetna Casualty & Surety Co., 259 F.Supp. 624 (D.C.N.Y. 1966); Gautreau v. Central Gulf Steamship Corporation, 255 F.Supp. 615 (D.C. La.1966).

No federal claim is plead or appears against Defendant Faulkner and/or his surety. The only claim made against them is based on state law. Federal jurisdiction of Defendants Faulkner and his surety does not otherwise appear and their Motion for Summary Judgment should be granted.

The Motion for Summary Judgment of Defendants Dave T. Faulkner and Western Surety Company is granted and Plaintiff's action against them is dismissed.