Martha ASHENHURST, a minor, by Julia Hall, her next friend, Plaintiffs,

v.

John CAREY et al., Defendants.

No. 72 C 2647.

United States District Court, N. D. Illinois, E. D.

Nov. 30, 1972.

Downs, Haddix & Schwab, Chicago, Ill., for plaintiffs.

Richard L. Curry, Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and on the defendants' motion for a more definite statement.

This is a civil rights action instituted under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Plaintiff requests that a three-judge District Court be convened under Title 28 U.S.C. § 2281 and § 2284 to determine the constitutionality of § 206-5 of Chapter 38 of the Illinois Revised Statutes.

The plaintiff, Martha Ashenhurst, is a minor and a citizen of the United States of America. The defendants are John Carey and James J. Stokes, Chicago Police Officers, James B. Conlisk, Jr., Superintendent of the Chicago Police Department and Juanita Wood, a Community Unit Director for the Division of Correctional Services of the City of Chicago's Department of Human Resources.

In the complaint the plaintiff alleges, *inter alia,* the following facts:

1. The defendants, employees of the City of Chicago, deprived the plaintiff of her civil rights under the color of state law.

2. On May 16, at approximately 10:15 P.M. the defendant Carey ordered and forced the plaintiff to accompany him to the 21st District Police Station and that the plaintiff was held incommunicado by the defendants Carey and Stokes until 1:30 A.M. the following morning.

3. The defendants Carey and Stokes, without legal justification deprived the plaintiff of her right of freedom from illegal seizure of her person; freedom from unlawful arrest without evidence in support thereof; freedom from illegal detention; and freedom from physical abuse coercion, and intimidation.

4. While in the custody of the defendants Carey and Stokes, the plaintiff was subjected to scurrilous and obscene language.

5. The plaintiff has not been able to determine the specifics of the alleged charges which were filed against her, or whether, if made, such charges are still pending.

6. The defendants James B. Conlisk, Jr. and Juanita Wood have refused to return to the plaintiff all records incident to the above arrest.

7. On August 4, 1971, the plaintiff petitioned for return and expungement of these arrest records. This petition was denied.

8. That the statute dealing with the expungement of arrest records, Chapter 38 § 206–5 of the Illinois Revised Statutes is unconstitutional because it requires that the petition for expungement be accompanied by the petitioner's waiver of any and all of his claims against the arresting officers.

The plaintiff seeks damages in the amount of $25,000 plus the costs of maintaining this action. In addition, the plaintiff requests a declaration that the defendants' refusal to expunge violates the plaintiff's 14th Amendment rights, and a ruling that the statute in question which requires the waiver of all petitioner's claims against the police is unconstitutional.

The defendants, Juanita Wood and James B. Conlisk, Jr., in support of their motion for summary judgment contend (1) that the Court lacks jurisdiction over the subject matter and parties; (2) from the facts alleged in the complaint, plaintiff has failed to state a claim upon which relief can be granted against these two defendants; and (3) that they are not proper party defendants in this action.

Defendants Carey and Stokes, in support of their motion for a more definite statement make the following three contentions. The complaint fails to set forth any unlawful or illegal reason for the plaintiff's arrest by Officer Carey or Captain Stokes; plaintiff has failed to sufficiently specify what occurred at the 21st District Police Station, or how the defendants Carey and Stokes violated her civil rights; and the plaintiff's conclusionary and vague allegations prevents the defendants from properly answering or furnishing other responsive pleadings.

It is the opinion of this Court that:

1. The plaintiff's cause of action, arising from the alleged unconstitutionality of Chapter 38 § 206–5 of the Illinois Revised Statutes, and plaintiff's request for the convening of a three-judge Court should be dismissed because the plaintiff has failed to bring an action against the proper defendant.

2. The plaintiff has failed to state a cause of action against defendants Juanita Wood and James B. Conlisk, Jr. Thus, summary judgment should be granted in their favor.

3. The plaintiff's complaint is sufficient as to the defendants Carey and Stokes.

I. NO THREE-JUDGE PANEL SHOULD BE CONVENED BECAUSE THE NAMED DEFENDANTS ARE NOT PROPER PARTIES TO DEFEND THE CONSTITUTIONALITY OF § 206–5 OF CHAPTER 38.

 It is well settled that the requirements for a three-judge Court in an action seeking to enjoin a state officer, and to have a state statute declared unconstitutional cannot be satisfied by joining as named parties defendant state officers whose actions, duties and powers are not connected with the enforcement or implementation of the challenged statute. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643

(1967); Wilentz v. Sovereign Camp, W.O.W., 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994 (1939); McCrimmon v. Daley, 418 F.2d 366 (7th Cir. 1969). This requirement that the proper defendant in an action challenging the constitutionality of a state statute be the state officer empowered to act under the challenged statute is one of substance and not form. Wilentz v. Sovereign Camp, W.O.W., *supra*; Oklahoma Gas & Electric Company v. Oklahoma Packing Company, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318 (1934); Jackson v. State of Colorado, 294 F.Supp. 1065 (D.C.Colo.1968). None of the defendants in the instant action are empowered to act under Chapter 38 § 206–5, which deals with the expungement of criminal records. Chapter 38 § 206–5 provides that the only state officer em-

powered to expunge criminal records is the Chief Judge of the Circuit where the charge was brought.[1] The four defendants are employees of the City of Chicago, and cannot under the statute in question expunge the record of the accused. Therefore, they are not the proper party defendants to this action challenging the constitutionality of the state statute.[2] Thus, this action should be dismissed. The proper party defendant might be the Chief Judge, who has denied the plaintiff's petition to expunge her record, or any other state officer so empowered by the statute.[3] Thus, this Court need not decide whether plaintiff has failed to pursue available remedies under state law in not appealing the denial of her petition for the expungement of her record. See Idlewild

---

1. Chapter 38 § 206–5 in relevant part provides:

 A person, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, if he was acquitted or released without being convicted, may petition the Chief Judge of the Circuit wherein the charge was brought to have the record of arrest expunged from the official records of the arresting authority. Notice of the above petition shall be served upon the prosecuting authority charged with the duty of prosecuting the offense. Such petition by the accused shall be accompanied by a waiver, in a manner satisfactory to the Court, waiving any and all claims he or any other person may have against the arresting officer or officers in the case arising out of the incident of arrest.

2. Since the plaintiff is a minor, and the instant case concerns the expungement of a juvenile record, there is a threshold question of whether the challenged statute is applicable to juvenile records. Given the statutory prohibition against the dissemination and publication of juvenile records, even to other law enforcement agencies, and the legislative intent that they be strictly confidential, it is doubtful whether the harm which precipitated the need for the expungement as provided by § 206–5 of Chapter 38 is applicable to the highly protected

records of a juvenile defendant. As Chapter 37 § 702–8 provides, in relevant part:

 (2) No law enforcement officer or other person or agency may knowingly transmit to the Department of Law Enforcement or to the Federal Bureau of Investigation any fingerprint or photograph relating to a boy or girl who has been arrested or taken into custody before his 17th birthday or her 18th birthday, unless the court in proceedings under this Act authorizes the transmission or enters an order under Section 2–7 [Chapter 37, § 702–7] permitting the institution of criminal proceedings.

 (3) The records of law enforcement officers concerning all boys under 17 and all girls under 18 must be maintained separate from the records of arrests and may not be open to public inspection or their contents disclosed to the public except by order of the court or when the institution of criminal proceedings has been permitted under Section 2–7 or such a person has been convicted of a crime and is the subject of a pre-sentence investigation or proceedings on an application for probation.

3. The doctrine of judicial immunity might not be applicable in this case given the alleged unconstitutional statute and the alleged summary denial of the plaintiff's petition. See Jacobson v. Schaefer, 441 F.2d 127 (7th Cir. 1971); Koen v. Long, 302 F.Supp. 1383 (D.C.Mo.1969), aff'd., 2 Cir., 428 F.2d 876, cert. denied 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 827.

Bon Voyage Liquor Corp. v. Rohan, 289 F.2d 426 (2nd Cir. 1961); Burmeister v. New York City Police Department, 275 F.Supp. 690 (D.C.1967). Since none of the defendants are empowered by the statute to expunge the arrest records, and since the expungement by them would have been contrary to their lawful duty, their refusal to expunge the arrest record of the plaintiff cannot constitute a civil rights violation pursuant to 42 U.S.C. § 1983.

## II. THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AS TO THE DEFENDANTS CONLISK AND WOOD.

The plaintiff, in her complaint, has not alleged that the defendants Wood and Conlisk directed or personally participated in any of the acts following her arrest and detention which the plaintiff claims violated her civil rights. Both defendants have signed affidavits stating they did not charge the plaintiff, Martha Ashenhurst, with the offense of disorderly conduct, nor did they direct, participate, or have personal knowledge of what is alleged to have taken place on May 16, 1971, at or around the Museum of Science and Industry or at the 21st District Police Station on May 16 or 17 of that year.

██ The doctrine of *respondeat superior* does not apply in civil rights cases under 42 U.S.C. § 1983. Barrows v. Faulkner, et al., 327 F.Supp. 1190, 1191 (N.D.Okl.1971); Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969). Further, courts have uniformly held that police supervisory personnel are not liable for damages for one injured by police misconduct absent direct personal participa-

tion. Barrows v. Faulkner, et al., *supra;* Sanberg v. Daley, *supra;* Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969); Patrum v. Martin, 292 F.Supp. 370 (W.D. Ky.1968); Runnels v. Parker, 263 F. Supp. 271 (C.D.Cal.1967); Pritchard v. Downie, 216 F.Supp. 621 (E.D.Ark. 1963); Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo.1963).

As the court in Jordan v. Kelly, *supra,* stated:

> Even though he [the police chief] may be charged with the duty of selecting the members of the force, he is not responsible for their acts unless he has directed such acts to be done, or has personally cooperated in the offense, for each police officer, is, like himself, a public servant.

*Id.,* at 737.

██ Thus, it is the opinion of this Court that summary judgment in favor of the defendants Conlisk and Wood should be granted.

## III. THE PLAINTIFF'S COMPLAINT SETS FORTH WITH SUFFICIENT SPECIFICITY THE NECESSARY ELEMENT FOR A CAUSE OF ACTION AGAINST DEFENDANTS CAREY AND STOKES.

██ The prerequisites for a sufficient complaint under 42 U.S.C. § 1983 are that the defendants have acted under color of state or local law and that the plaintiff, because of such actions, was subject to a deprivation of some right, privilege, or immunity secured by the constitution or laws of the United States.[4] The plaintiff, in her complaint,

---

4. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962) (unreasonable search and seizure); Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965) (unreasonable and illegal arrest and use of excessive force in performance of official duties). Insofar as plaintiff alleges that the arrest and detention and search were unreasonable and un-

lawful, the defense of good faith and probable cause is available to the defendants. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968). However, this defense is not grounds for the dismissal of a well pleaded complaint or the granting of a motion for a more definite statement.

**714**

has met all the requirements necessary for a sufficient and well pleaded complaint. Thus, it is the opinion of this Court that the defendants' motion for a more definite statement should be denied.