**Martha ASHENHURST, a minor, by Julia Hall, her next friend, Plaintiff,**

v.

**John CAREY et al., Defendants.**

**No. 71 C 2647.**

United States District Court,
N. D. Illinois, E. D.
March 16, 1973.

Downs, Haddie & Schwab, Chicago, Ill., for plaintiff.

Richard Curry, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendant James J. Stokes' motion to strike and dismiss the complaint.

This is a civil rights action instituted under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The plaintiff, Martha Ashenhurst, is a minor and a citizen of the United States of America. The defendants now remaining are John Carey and James J. Stokes, Chicago Police Officers.

In the complaint the plaintiff alleges, *inter alia*, the following facts:

1. The defendants, employees of the City of Chicago, deprived the plaintiff of her civil rights under color of state law.

2. On May 16, 1971, at approximately 10:15 P.M. defendant Carey ordered and forced the plaintiff to accompany him to the 21st District Police Station. The plaintiff was held incommunicado by the defendants Carey and Stokes until 1:30 A.M. the following morning.

3. The defendants Carey and Stokes, without legal justification, deprived the plaintiff of her right to freedom from illegal seizure of her person; freedom from unlawful arrest without evidence in support thereof; freedom from illegal detention; and freedom from physical abuse, coercion and intimidation.

The plaintiff seeks damages in the amount of $25,000 plus the costs of maintaining this action.

The defendant Stokes, in support of his motion, contends (1) that the court lacks jurisdiction over the subject matter and the parties, and (2) plaintiff has failed in her complaint to state a claim upon which relief can be granted against him. James J. Stokes has also submitted to this Court an affidavit which states in relevant part:

On May 16, 1971, from 10:00 P.M. and on May 17, 1971 to 6:00 A.M. I was the Watch Commander at the 21st District, Chicago Police Department. On May 16, 1971, at approximately 10:30 P.M., I observed the Plaintiff in the custody of Officer John Carey. At such time, I observed the Plaintiff,

Martha Ashenhurst, to be loud, using abusive and profane language, disoriented in her mannerisms, actions, and language. At this time, I determined the Plaintiff, Martha Ashenhurst, to be a juvenile, at which time I directed Officer John Carey to notify the Youth Officer and to contact Martha Ashenhurst's parents. The Plaintiff, Martha Ashenhurst was then placed in a detention area for her own protection and safety. I at no time directed that the Plaintiff be held incommunicado or that she be held on open charges.

The plaintiff, in opposition to the defendant's motion, contends that there is merely a conflict in the plaintiff's and the defendant's version of what transpired, which results in a factual issue to be determined at trial.

This Court, on November 30, 1972, has already held that it has jurisdiction over this action and that the plaintiff's complaint set forth with sufficient specificity the necessary elements for a cause of action against defendants Carey and Stokes. See Ashenhurst v. Carey, 351 F.Supp. 708 (N.D.Ill.1972).

■ However, as to the claims based on defendant's use of scurrilous and obscene language, it is the opinion of this Court that the alleged use of such language by the defendants Stokes and Carey does not constitute a deprivation of plaintiff's civil rights. There is no constitutional right to be free from obscene or insulting language. The fact that in the instant action a minor was subjected to such "obscene" language does not change the essential character of the alleged right violated and does not transform it into a right secured by the Constitution. Thus, while the alleged use of obscene language by these defendants may have been uncouth, it is not unconstitutional or a deprivation of civil rights. Johnson v. Hackett, 284 F.Supp. 933 (E.D.Pa.1968). See also, Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); Chaplinski v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942);

Terminiello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); and Brandenberg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969).

As to the other allegations of the complaint, it is the opinion of this Court that the plaintiff has stated a claim upon which relief can be granted and issues of fact which must be litigated.

■ Defendant Stokes contends that because he is a police supervisor, he is not liable in the instant action. The doctrine of respondeat superior clearly does not apply in civil rights cases under 42 U.S.C. § 1983. Ashenhurst v. Carey, *supra*; Barrows v. Faulkner, et al., 327 F.Supp. 1190, 1191 (N.D. Okl.1971); Sandberg v. Daley, 306 F. Supp. 277 (N.D.Ill.1969). Further, courts have uniformly held that police supervisory personnel are not liable for damages to one injured by police misconduct absent direct personal participation. Ashenhurst v. Carey, *supra*; Barrows v. Faulkner, et al., *supra*; Sandberg v. Daley, *supra*; Mach v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969); Patrum v. Martin, 292 F.Supp. 370 (W.D. Ky.1968); Runnels v. Parker, 263 F. Supp. 271 (C.D.Cal.1967); Pritchard v. Downie, 216 F.Supp. 621 (E.D.Ark. 1963); Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo.1963). However, the affidavit of defendant James J. Stokes clearly indicates that even though he acted in the capacity of a police supervisor, he personally participated in the disputed incident. While the version of the defendant as to what transpired may differ from that of the plaintiff, this is a factual issue to be determined by trial and not by a pre-trial motion.

Accordingly, it is hereby ordered:

1. That all allegations as to the deprivation of the plaintiff's civil rights by defendants' use of obscene and scurrilous language be stricken from the complaint for failure to state a cause of action, and

2. that the defendant's motion to strike and dismiss the remainder of the complaint be denied.