Norman **BOYDEN**, Plaintiff,

v.

James **TROKEN** et al., Defendants.

No. 72 C 1837.

United States District Court,
N. D. Illinois.

May 17, 1973.

Renee C. Hanover, Chicago, Ill., for plaintiff.

John R. Caffrey, Richard C. Clark, of Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of defendant City of Chicago to dismiss the complaint against it.

This is a civil rights action to redress an alleged deprivation of the plaintiff's civil rights guaranteed by the Civil

Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Jurisdiction of this Court is allegedly based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1988.

The plaintiff, Norman Boyden, is a United States citizen and a resident of Chicago, Illinois. The defendants are the City of Chicago ("Chicago"), a municipal corporation created and existing under the laws of the State of Illinois; Chicago Police Officers James Troken, Joseph M. McMahon, H. Berge, and various John Does whose names and identities are presently unknown; and the Ascot Motel Lounge ("Ascot"), and its agent Jill Germaine.

In the complaint the plaintiff alleges, *inter alia*, the following facts:

1. The police officer defendants are employees of the City of Chicago, who deprived the plaintiff of his civil rights under the color of state law.

2. On or about August 10, 1970, at Chicago Police Headquarters, 1121 S. State, the plaintiff, after having been arrested, was struck, beaten, pushed, assaulted, and battered by all police officer defendants.

3. This infliction of summary physical punishment deprived the plaintiff of due process and caused him to suffer bodily injury.

4. The plaintiff was denied full and equal protection of the law. More specifically, plaintiff alleges that he was arrested without just, probable or lawful cause; deprived of his liberty until he could post bond; and was thereby required to defend himself against such improper charges and incur the expense of such a defense.

5. That certain unknown Chicago Police Officers referred to as John Does knew of the above described wrongs but failed to prevent or aid in the prevention of those wrongs.

6. On or about August 10, 1970 the defendant Ascot Motel Lounge through its agent Jill Germaine did cause the plaintiff to be wrongfully confined against his will, and with no reasonable method of exit left open to him and wrongfully caused charges to issue against the plaintiff, Norman Boyden, for violation of the law, and thereby required him to defend himself against such charges and incur expenses for such defense.

7. Two or more of all the defendants conspired to deprive the plaintiff, and did in fact deprive the plaintiff, of privileges and immunities secured by the Constitution or laws of the United States.

The plaintiff seeks to recover damages in the amount of forty thousand dollars plus the cost of maintaining this action.

The defendant, Chicago, in support of its motion, contends that plaintiff has failed to state a claim upon which relief can be granted against it. The plaintiff, in opposition to the instant motion, contends that he has sufficiently stated a claim against the City of Chicago.

It is the opinion of this Court that the defendant Chicago's motion is meritorious and that the plaintiff has failed to state a claim upon which relief can be granted against the City of Chicago.

I. The plaintiff has failed to state a cause of action under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 and 1986 against the City of Chicago.

■ It is well settled that the doctrine of *respondeat superior* does not apply in civil rights cases brought under the Civil Rights Act of 1871, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Barrows v. Faulkner, et al., 327 F.Supp. 1190, 1191 (N.D.Okl. 1971); Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969). A municipality is not a "person" within the meaning of the Civil Rights Act of 1871, which provides a civil remedy for deprivation of

rights. Monroe v. Pape, *supra*; Egan v. City of Aurora, et al., 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741; Ries v. Lynskey, 452 F.2d 172 (7th Cir. 1971); Spampinato v. City of New York, 311 F.2d 439 (7th Cir. 1962); cert. denied, 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144 (1962); rehearing denied, 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042 (1963). Further, the legislative history of Congress's response to a proposal to make municipalities liable for certain actions brought within the purview of the Civil Rights Act of April 20, 1871 was so antagonistic that the term "persons" cannot be construed to include municipalities. See Monroe v. Pape, *supra*; Ries v. Lynskey, *supra*. It is clear that the plaintiff has thus failed to state a cause of action against the City of Chicago, a municipality, under the Civil Rights Act of 1871.

II. The plaintiff has failed to state a cause of action under the Civil Rights Act of 1870, 42 U.S.C. § 1981.

■■ Generally, civil rights statutes are aimed at individuals who deprive others of their civil rights. Personal involvement by a defendant is contemplated as an essential prerequisite to liability. The civil rights statutes are not aimed at a city which merely employs a "person" who may violate the statutes. The plaintiff in the instant action, pursuant to 42 U.S.C. § 1981, seeks to hold the City of Chicago liable through the City's mere act of employing individuals who allegedly violated the plaintiff's civil rights. As pointed out above with regard to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 and 1986, the doctrine of *respondeat superior* does not apply in civil rights actions and a municipality is not a "person" and thus is not liable under the Civil Rights Acts. Further, it is contrary to the intention of the Civil Rights Acts to hold a municipality liable for acts which it did not authorize, in some way participate, or direct. See Ashenhurst v. Carey, 351 F.Supp. 708 (N.D.Ill.1972). Likewise, the Civil Rights Act of 1870, 42 U.S.C. § 1981 does not impose liability on a municipality for the alleged misconduct of errant employees. Thus, the plaintiff has failed to state a cause of action against the City of Chicago pursuant to 42 U.S.C. § 1981. See Hampton v. City of Chicago, Cook County, Illinois, 339 F.Supp. 695 (N.D.Ill.1972).

Accordingly, the defendant City of Chicago's motion to dismiss the complaint against it is granted.