Calvin **HOLLINS** and Theresa Hollins, his wife, Plaintiffs,

v.

Wilhelm **KRAAS** et al., Defendants.

No. 73 C 1249.

United States District Court,
N. D. Illinois.

Dec. 17, 1973.

F. Willis Caruso, Robert G. Schwemm and Patricia Banks, Chicago, Ill., for plaintiffs.

David L. Passman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of certain defendants, the Cosmopolitan National Bank of Chicago, Elmer A. Calvert, Jr., and Valerie Calvert to dismiss the instant complaint.

This is an action seeking to redress the alleged deprivation of the plaintiff's civil rights by the defendants alleged refusal to rent an apartment to the plaintiffs. This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the Fair Housing Act of 1968, 42 U.S.C. § 3604. Jurisdiction is allegedly conferred on this Court by 28 U.S.C. § 1343(3), (4) and § 2201, and 42 U.S.C. § 3612.

The plaintiffs, in their complaint, allege, *inter alia*, the following facts:

1. Plaintiffs are Negro citizens of the United States who reside in Forest Park, Illinois.

2. Upon information and belief, defendants Wilhelm Kraass and Amanda Kraass, his wife, are and at all times relevant hereto were the rental agents and/or owners of an apartment building located at 7222 Dixon, Forest Park, Illinois.

3. Upon information and belief defendant Elmer and Valerie Calvert are and at all times relevant hereto were the owners of an apartment building located at 7222 Dixon, Forest Part, Illinois.

4. On information and belief, defendant Cosmopolitan National Bank of Chicago holds the property located at 7222 Dixon, Forest Park, Illinois, in trust.

5. On April 24, 1973 defendants refused to lease the plaintiffs a unit in said building solely because plaintiffs are Negroes. Defendants represented to plaintiffs, because of their race, that the unit was not available for rent, when in fact at the time of the refusal, the unit was available for rent. At the time of the refusal, plaintiffs were ready, willing and able to rent said unit at the rental price set by the defendants.

6. Plaintiffs have no adequate remedy at law, or otherwise, for the harm done by the defendants; and plaintiffs have and will continue to suffer great and irreparable damage and injury as a proximate result of defendants' acts unless these acts and this conduct of defendants are enjoined. The defendants have acted maliciously and are guilty of willful and wanton disregard of the rights and feelings of plaintiffs.

The plaintiffs seek: (1) that an injunction be granted permanently restraining and enjoining the defendants from refusing, on the grounds of race, to rent to plaintiffs the unit in question or any other unit managed or owned by the defendants; (2) that the Court grant actual damages of $50,000 from each and every defendant, plus reasonable attorneys fees and costs; (3) that the Court grant $25,000 exemplary and punitive damages from each defendant.

The defendants, in support of their instant motion, contend:

1. On October 29, 1963, the Calverts conveyed the realty in question to

Cosmopolitan by Warranty Deed in Trust, which was recorded on November 26, 1963 with the Cook County Recorder of Deeds. On the same day Cosmopolitan and the Calverts entered into a Trust Agreement. By reason of the deed, and Agreement, Cosmopolitan merely holds legal title to the said realty, but has no rights of possession, management, use or control thereof material to this cause, and can neither incur personal liability nor be subject to any claim, judgment or decree such as plaintiffs seek and plaintiffs had notice thereof.

2. On August 22, 1969, Cosmopolitan, the Calverts and defendants Wilhelm Kraass and Amanda Kraass (hereinafter together referred to as "the Kraasses") entered into Articles of Agreement for Trustee's Deed, by reason of which the Kraasses have thereafter had and still have sole and exclusive rights of possession, management, use and control of the realty in question as to all respects material to this cause.

3. Neither Cosmopolitan nor the Calverts, nor any agent of them or either of them ever: (a) dealt with plaintiffs; (b) authorized the Kraasses to serve as rental agents for them or either of them; or (c) authorized the Kraasses to commit any act in violation of any federal statute or regulation, but Cosmopolitan and the Calverts bound the Kraasses, by paragraph 20 of the said Articles of Agreement for Trustee's Deed, by which the Kraasses have agreed, to comply with the law. No such violation for which the Kraasses may be liable is chargeable to Cosmopolitan or to the Calverts or either of them.

4. No act alleged in the Complaint was performed by or is chargeable to Cosmopolitan or the Calverts, except mere ownership. Plaintiffs have dealt solely with Wilhelm Kraass or Amanda Kraass, and did not, at any time meterial herein, know the identity of Cosmopolitan or of the Calverts or either of them as an owner of the subject realty or reasonably believe them or either of them to be in any way liable for any acts done to their damage.

The relevant defendants have verified the above allegations made in the instant motion to dismiss.

The plaintiffs, in opposition to the instant motion, contend that the joinder of the instant defendants is necessary for just adjudication of the instant action and that Clause 5 of the Articles of Agreement may be reasonably construed to provide that Purchasers, Amanda and Wilhelm Kraass, may not lease premises without the written direction of the Calverts and the consent of Cosmopolitan National Bank.*

---

* Clause 5 of the Articles of Agreement provides:

"5. The Purchaser shall not transfer, pledge or assign this Agreement, or any interest herein or hereunder, without first obtaining the prior written direction from those empowered to direct the Trustee and the consent of the Title Holder; nor shall the Purchaser lease said premises, or any part thereof, or consent to or approve any sublease or assignment of lease thereof, without first obtaining the prior written direction from those empowered to direct the Trustee and the consent of the Title Holder. Any violation or breach or attempted violation or breach of the provisions of this paragraph by Purchaser, or any acts inconsistent herewith, shall vest no right, title or interest herein or hereunder, or in the said premises in any such transferee, pledgee, assignee, lessee or sub-lessee, but Title Holder, or the beneficiaries of said trust, may, at their exclusive option declare this Agreement null and void and invoke the provisions of this Agreement relating to forfeiture hereof."

The relevant defendants counter this argument by adequately demonstrating that they never have claimed nor have interpreted the above clause to grant them the power to

It is the opinion of this Court that the verified motion of defendants Valerie Calvert, Elmer A. Calvert and Cosmopolitan National Bank of Chicago to dismiss the instant complaint should be granted because the plaintiffs have failed to properly state a cause of action against these defendants.

▪ The purpose of the Fair Housing law and in this respect the application of the Civil Rights Act of 1866 is to provide a remedy against those individuals who are guilty of unlawful discrimination in the rental or sale of housing and is not directed at those who merely are responsible for putting the violator in the position in which he can act improperly. Kennedy Park Home Association v. City of Lackawanna, 318 F.Supp. 669 (W.D.N.Y.1970); affirmed 436 F. 2d 108 (2nd Cir. 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1256, 28 L.Ed.2d 546 (1971).

▪ It is well settled that police supervisory personnel are not liable for damages under 42 U.S.C. § 1983 to one injured by police misconduct absent direct personal participation. Ashenhurst v. Carey, 351 F.Supp. 708 (N.D.Ill. 1972); Barrows v. Faulkner et al., 327 F.Supp. 1190 (N.D.Okl.1971); Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill. 1969). Similarly, an owner of a piece of realty or a bank holding it in trust should not be liable for damages under 42 U.S.C. § 3604 or 42 U.S.C. § 1982 absent actual and personal involvement.

▪ The defendants Valerie Calvert, Elmer A. Calvert and Cosmopolitan National Bank in their uncontroverted verified motion clearly demonstrate that they never authorized the Kraasses to act as their agents or to do any act in violation of any federal statute or regulation.

The plaintiffs, in the complaint, have failed to specifically state that Valerie Calvert, Elmer A. Calvert or the Cosmopolitan National Bank had any actual and personal involvement in the instant controversy. It appears that the only persons who dealt with the plaintiffs and allegedly deprived them of their right to fair housing were Wilhelm Kraass or Amanda Kraass. Further, Wilhelm Kraass and Amanda Kraass have not even been properly alleged to be agents of the other defendants. Thus the plaintiffs have failed to properly allege a cause of action against Mr. and Mrs. Calvert and Cosmopolitan National Bank. There is no need to enjoin defendants Valerie Calvert, Elmer A. Calvert or the Cosmopolitan National Bank from in the future violating the instant statutes because the statutes themselves are sufficient prohibition against any future illegal acts of the defendants.

Accordingly, the motion of defendants Mr. and Mrs. Calvert and Cosmopolitan National Bank to dismiss is granted and the cause is dismissed without prejudice as to those defendants.

---

limit the authority of Mr. and Mrs. Kraass to accept or reject tenants whether for valid or invalid reasons. The relevant defendants, further, argue that the trust agreement and the Warranty Deed in Trust provide that the trustee has no duty in respect to the management or control of the property (Deposition of Corinne Bek, pp. 9–10 and Warranty Deed in Trust). Further, the depositions of Elmer A. Calvert, Jr., Amanda Kraass, Mr. Hollins, Wilhelm Kraass all show that Mr. and Mrs. Calvert did not have any actual control or involvement in the rental of apartments or refusal to rent because of race (see Deposition of E. Calvert, pp. 42–43; Mr. Hollins, pp. 71–72, pp. 57–58; Wilhelm Kraass, pp. 15–17; Amanda Kraass, pp. 23–24).