Mrs. Sybil WESCOTT, Plaintiff,

v.

Maedell NEEMAN, etc., et al.,
Defendants.

Civ. No. 72–L–117.

United States District Court,
D. Nebraska.

July 3, 1972.

Hamilton, Geier & German, Legal Aid Society of Lincoln, Inc., Lincoln, Neb., for plaintiff.

Baylor, Evnen, Baylor, Curtiss & Grimit, Lincoln, Neb., for other defendants.

Nelson, Harding, Marchetti, Leonard & Tate and Richard H. Williams, Lincoln, Neb., for defendant Bernard Patton.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

On June 8, 1972, this Court granted plaintiff's motion to take depositions by other than stenographic means (tape recording). It is the purpose of this memorandum and order to set forth the manner of recording, preserving and filing the deposition, as well as provisions to assure that the recorded testimony will be accurate and trustworthy. See Federal Rules of Civil Procedure Rule 30(b) (4).

It has only been since July 1, 1970, when Rule 30(b) (4) became effective, that non-stenographic means of taking depositions have been authorized. Since that time there have been few published opinions in which courts have considered the problems inherent in the mechanical recording of testimony. Carson v. Burlington Northern Inc., 52 F.R.D. 492 [D.Neb.1971]; Kallen v. Nexus Corporation, 54 F.R.D. 610 [N.D.Ill.1972].

As noted in the *Kallen* case, we are at an "early stage of experimentation" with what will hopefully prove to be a cost saving and accurate means of recording testimony. In framing guidelines for the taking of a deposition by means of tape recording, we are mindful of the overriding consideration that the accuracy and trustworthiness of the record must be sufficient for litigation purposes.

For purposes of clarity, we adopt the following definitions from Rule 1001, Proposed Rules of Evidence for United States Courts and Magistrates (Revised draft 1971):

(3) Original. An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."

(4) Duplicate. A "duplicate" is a counterpart produced by the same impression as the original, or from the

same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent technique which accurately reproduces the original.

It is therefore ordered that the following specific guidelines in the taking of the deposition by means of tape recording be followed:

1. The equipment shall be of sufficient quality to produce an accurate and trustworthy record.

2. Each participant in the deposition shall be equipped with an individual lavalier microphone.

3. Two Originals will be made, each on a separate machine, and each receiving its signal from the microphones. Specifically, one is not to be the re-recording of the other, for such, by the above definitions, would produce a mere "Duplicate".

4. The two recording machines upon which the Originals are made are to be operated in tandem. They shall be equipped with digital counters to facilitate the making of a log-index by the operator.

5. For purposes of convenience of parties, a third recording machine may be used in order to provide the ability to "play back". The recording machines used for the Originals are not to be used for this purpose.

6. An independent operator, after being duly sworn, shall operate and monitor the machines to insure that a recording is being made.

7. Counsel is to keep in mind that one of the significant problems with the use of tape recorders is the identification of the speaker. Care must be taken to insure that the record accurately reflects the parties to the deposition, as well as the speakers at any particular time. For example, prior to starting direct examination, counsel should recite his name and the name of the deponent.

As long as the subsequent testimony is limited to an exchange between those two parties, words identifying the speakers will not be necessary. However, any third party, as opposing counsel, who interjects *any* statements *must* precede such interjection with words of identification.

8. Objections should be made during the taking of the deposition.

9. The calling party is to provide all necessary equipment.

10. The calling party is to provide an independent third party operator, who shall, in addition to monitoring the equipment, be responsible for making a log-index. Such index must include the subject matter being discussed cross-referenced to the reading on the digital counter, a list of exhibits, and the names of all parties to the deposition.

11. At the close of the deposition, the independent third party shall vocally record his certification. Thereafter, one of the Originals shall be sealed in an appropriate container in the presence of counsel. The third party shall certify the correctness and completeness of recording in the same manner a stenographic reporter certifies the typed record of a deposition. The Original, with the certification attached thereto, shall be immediately filed with the Clerk of this Court. The Original so filed may not be removed from the Court's custody except upon written order of this Court.

12. The independent third party is to retain possession of the other Original, which may be used for the production of Duplicates for parties.

13. Rule 32 of the Federal Rules of Civil Procedure will control the use of machine recorded deposition; however, for purposes of this litigation, prior to such use the Court must be provided with a certified written copy of those portions of the deposition sought to be introduced.