**MARLBORO PRODUCTS CORP.,**
Plaintiff,

v.

**NORTH AMERICAN PHILIPS CORP.,**
Defendant.

*No. 72-Civ. 830.*

United States District Court,
S. D. New York.

July 10, 1972.

Forscher, Glassman & Elias, New York City, for plaintiff.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendant; Gilbert S. Edelson, Melvin H. Orlans, New York City, of counsel.

## OPINION

FRANKEL, District Judge.

Fed.R.Civ.P. 30(b) (4), adopted in 1970, provides:

> "The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense."

The plaintiff, suing for $150,000 ($50,000 trebled) upon alleged violations of the Robinson-Patman Act, has moved for an order allowing it to record a deposition electronically, with the movant later to supply both a tape and a typed transcript (to be prepared by a secretary of plaintiff's counsel) for checking and (it is hoped) ultimate approval by defendant, signature, certification and filing. Insisting it is far less affluent than defendant, and arguing that even the courts must eventually tag along after the march of technology, plaintiff urges that considerations of both economy and efficiency support its application. Defendant makes no frontal attack upon either economy or efficiency. It urges, however, that plaintiff's pro-

posal has not been formulated with the care or precision necessary for safeguarding obvious interests (not only accuracy and fairness, but even economy when the matter is fully analyzed) at stake in the deposition procedure.

Both positions or attitudes were foreseen by the Advisory Committee in its 1970 Note on the new subdivision (b) (4) of Rule 30:

> "In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—e. g., by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary."

The Committee avoided any foolish effort to specify the details of the orders thus envisioned. It presumably contemplated that such matters would be worked over and worked out in the handling of concrete cases.

So far as the reports of decisions reveal, there has not yet been a whirlwind of change under the new provision. Two helpful decisions—one allowing voice recording, the other video as well —have been called to this court's attention and studied with care. Kallen v. Nexus Corp., 54 F.R.D. 610 (N.D.Ill. 1972); Carson v. Burlington Northern Inc., 52 F.R.D. 492 (D.Neb.1971). In addition, this court has profited from thoughtful and vigorous submissions by counsel for the parties before us.

In the course of the adversary presentations, counsel have not been wanting in the zeal and conviction of advocacy. On plaintiff's side there has been perhaps a tendency to slight the dangers and difficulties of the novel procedure. Balancing that, counsel for defendant may have been inspired to recall a gold-

en age of stenography when everything was recorded with unfailing accuracy doubted by no one. Now, however, having concluded that experimentation with the newly authorized procedure should be encouraged rather than blocked—and thus following the lead of the Illinois and Nebraska District Court decisions cited above—this court will enlist counsel in their roles as our officers to implement this conclusion, as nearly as their other duties allow, in a spirit of collaboration rather than disputation. This is to say that counsel will be expected, to the extent possible, to work together in fashioning the kind of order the Advisory Committee had in view—specifying "how the testimony is to be recorded, preserved, and filed, and [containing] * * * whatever additional safeguards" may be thought appropriate. To guide these efforts of counsel, the court will outline its views on the basic objectives to be sought and on some matters of disagreement now being resolved. Counsel will then be expected to produce and submit jointly so much of an agreed order as they are able to achieve. Beyond that, each side will present its statement of issues still in controversy and its proposals for just dispositions. The court will predicate its order upon these materials. As guides for counsel's efforts, the following observations and interim conclusions are stated:

 (1) As has been indicated, plaintiff's motion will in substance be granted unless (unexpectedly) insurmountable obstacles are encountered preventing formulation of a workable order.

(2) Defendant has rested heavily upon the provisions of Rule 28(a)[1] and (c),[2] along with Rule 30(f),[3] to oppose the plan of plaintiff's counsel to run the recording device himself and have his own secretary type a transcript. If an electronic recording is to be allowed, defendant urges, the equipment must have an "independent operator." The argument is weighty. It has the distinguished authority of Judge Richard B. Austin on its side, at least in the one set of reported circumstances Judge Austin has considered on this topic. Kallen v. Nexus Corp., *supra*, 54 F.R.D. at 613. Nevertheless, this court is not persuaded that it is necessary always—or, specifically, in this case—to have an independent person running the recording device. The employment of such a person serves to impair *pro tanto* the purpose of economy. It is not a technological necessity; recording equipment familiar to all of us is manageable by people of ordinary intelligence. The supposed need for neutrality in the operator seems likely to prove illusory in the actual circumstances of the deposition proceeding. We feel comfortable, until or unless unimagined experience teaches otherwise, in assuming that members of our bar will not be doctoring tapes. The procedure proposed in this case, and likely to be followed in others, is to have one or more (see *infra*) electronic tapes and a typewritten transcript made therefrom. The witness will read and sign (or refuse to sign) the transcript. Opposing counsel and others who may attend will serve to guard against mistakes or misbehavior. In cases of special concern, any party may have the proceed-

---

1. Providing in pertinent part that "depositions shall be taken before an officer authorized to administer oaths * * * or before a person appointed by the court * * *."

2. "No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attor-ney or counsel, or is financially interested in the action."

3. Providing that the officer before whom the deposition was taken "shall certify * * * that the witness was duly sworn by him and that the deposition is a true record of the testimony", and that the officer is then to seal, mark and file the deposition in court.

ings taken stenographically under the terms of Rule 30(b) (4). The areas of disputed sound, if any, will probably be limited and susceptible of convenient and reasonably reliable adjudication.

We are not without judicial experience in deciphering, for the gravest purposes, sounds electronically recorded. There is by now a large accumulation of cases involving taped conversations, surreptitiously made, as evidence of crime. It has happened not infrequently that trial judges have ruled preliminarily, or juries finally, on what is correctly to be heard on tapes made in circumstances of stealth, concealment and attendant interference. The conditions of open, carefully planned recording for a deposition are obviously far superior for convenient reception and confident rulings, if any at all are needed.

At a minimum, we should invest in experiment, and risk errors, before we decree that the procedure of electronic recording must bear the freight of an operator to manage the simple machinery.

As to the need of an independent "officer" to administer oaths, certify, seal and file, the court relies complacently upon our illustrious bar to cope by creative stipulation with these aspects of the enterprise. In the unlikely event this reliance is misplaced, these matters will be managed by the court in its order.

(3) Defendant complains, not without justification, that plaintiff's counsel has not named in his papers the specific machinery he proposes to use, and thus has cut off inquiry into the suitability of the equipment. It appears, however, that counsel have either viewed the device together or can readily do so. In any event, this is not to be deemed an impassable barrier at this point. When counsel meet together, as herein contemplated, defendant's people will be enlightened fully as to the make, nature and mode of operation of the equipment to be used. The parties will cooperate to arrange the room, seating and other details for optimum results. If defendant, after endeavors of this sort, remains of the good-faith view that the inadequacy or uncertainty of the device should preclude its use, the court will of course rule upon the issue or issues thus presented.

We are entitled to insist, however, that quarrels about the recording device be kept within bounds of fairness and realism. It has been urged that there is need for devices elaborate enough to make a faithful record of heated episodes when people shout all together from different parts of the room. With all respect to the cherished court reporters who serve so magnificently in this building, the premise of this proposal is a fantasy. All of us who work in courtrooms have seen the harried reporter throw up his hands in despair and not even pretend to record (and who cares?) bouts of simultaneous squawking by judges, lawyers and others. We ought not to test and destroy the new rule by standards of needless and nonexistent perfection.

(4) One question as to the functioning of the equipment merits some particular concern and attention. Unlike a live reporter, whose presence and activities are reassuringly checkable from time to time, the silent recorder may silently die while the participants go on in ignorance. Without demanding infallibility, we should and will require highly effective safeguards against any such costly fiasco. One form may be a monitoring device either agreed or demonstrated to be reliable in the requisite degree. Another, perhaps more comfortable expedient in the age of moon-voyaging may be the use of a "back-up" machine, but this to operate simultaneously rather than be held in reserve. This possibility, which has surface appeal to the court, would satisfy in the usual case the desirable purpose of giving both sides a tape promptly at the end of the taking of testimony. It should be understood, however, that in this respect,

as in others, the court places primary reliance upon the constructive researches and proposals of counsel, and especially upon any decisions they may reach by agreement.

(5) In that same spirit, various details only mentioned in passing or not mentioned at all are left for initial handling by counsel. These include, for example, decisions on what physically should be certified and filed, and by whom; what procedures, if any, should be followed to further effective identification of the several voices at the deposition proceeding; and what arrangements (if not the one herein suggested) should be made, if any, for duplication of the electronic recording. The court will depend upon the motivation and ingenuity of counsel to evolve an order as complete and prudent as possible.

In accordance with the foregoing, counsel will submit joint and several materials for an order granting plaintiff's motion upon appropriate terms and conditions. Having in mind the time of year and other pertinent circumstances, a schedule will be arranged for the completion of these efforts and the issuance of an order with all convenient speed.