**MONTGOMERY MILLS, INC., Plaintiff,**

v.

**GIFFEN–BURGESS CORPORATION et al., Defendants.**

**Civ. A. No. 3608.**

United States District Court,
D. Delaware.

Feb. 20, 1974.

H. James Conaway, Jr., and Sydney R. Chirlin of Young, Conaway, Stargatt & Taylor, Wilmington, Del., and Leonard L. Kalish, Philadelphia, Pa., of counsel, for plaintiff.

Louis J. Finger of Richards, Layton & Finger, Wilmington, Del., and William H. Vogt, III, and Stevan J. Bosses, New York City, of counsel, for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

The Court has been asked to rule on the propriety of the plaintiff's attorney's practice of tape recording deposition testimony for his own use.[1] The Court will treat this as a Rule 26(c)(2), F.R.Civ.P., motion by the defendants for a protective order that the depositions presently scheduled may be had only on specified terms and conditions.

The defendants object on three grounds to the presence of a recording

---

1. It should be noted that a stenographer is also present at the depositions to make an official record.

device at depositions: First, that deponents become ill-at-ease when a microphone is placed directly in front of them and are thus distracted from giving complete attention to the questions posed to them; second, that the plaintiff's attorney frequently interrupts questions and answers in order to adjust his tape recorder and occasionally requires a deponent to repeat entire answers because he forgot to turn on the recorder; and third, that the recorder microphone picks up whispered conversations between the defendants' attorneys discussing strategy that were not intended to be overheard.

The plaintiff's attorney argues that by listening to the recording of depositions after a day's session he is better able to formulate additional questions to ask the deponent on the following day. Moreover, he contends that the recordings enable him to prepare a digest of the deponent's testimony while his impressions of the deponent are fresh in his memory, as opposed to being forced to wait until the stenographer's official record is prepared.

The presence of a tape recorder at a deposition is not inherently disruptive. As a matter of fact, Rule 30(b)(4), F.R.Civ.P., provides that a Court may permit testimony at a deposition to be recorded other than by stenographic means. Because courts have power to permit the use of recording devices at depositions and because it appears that the recordings are of use to plaintiff's counsel, the Court will not forbid their usage in this case. However, to prevent abuse and to avoid disruption and distractions of the deposition proceedings, the Court directs that the recording device, including the microphone, be placed in an unobtrusive location during the deposition. The Court further directs that since the recordings are not the official record of the proceeding, the plaintiff's counsel shall not interrupt ongoing questions and answers to adjust his recording device or request that questions and answers be repeated because the machine did not record them. In short, the operation of the tape recorder is to be completely subordinate to the conduct of the depositions and is to be as innocuous as the taking of written notes by counsel. With regard to recording the conversations of the defendants' attorneys, the Court can only suggest that they take whatever steps they deem reasonable to prevent their remarks from being overheard.