**Walter LUCAS**

v.

**Patrick J. CURRAN, Warden, et al.**

**Civ. A. No. C.A. 72-688.**

United States District Court,
E. D. Pennsylvania.

April 9, 1974.

Allan Easley, Janice Kolber, Carolyn E. Temin, Civil Rights for Inmates, Philadelphia, Pa., for plaintiff.

Benjamin F. Levy, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This action is a civil rights action brought by a plaintiff who is a prisoner in a state institution and who is represented by student counsel.

Plaintiff has moved for an order permitting him to take deposition by tape recorder in lieu of stenographic transcription under the following procedures and conditions:

1. Plaintiff shall produce two (2) original tape recordings of the entire deposition.

2. Plaintiff shall supply someone to operate and monitor the recording equipment during the entire deposition who will not be participating in the actual interrogation process.

3. At the end of the deposition one (1) of the original tape recordings shall be appropriately labeled, placed in a

sealed envelope and delivered forthwith into the court's custody.

4. Plaintiff shall transcribe such portions of the witness' testimony as the plaintiff and/or any of the defendants may wish to have transcribed, from the remaining original tape recording of the deposition, and the original transcript shall be filed with the court and a copy supplied to counsel for the defendants.

5. Any objections to the accuracy or trustworthiness of the transcript of the deposition shall be made to the court within ten (10) days after it is filed with the court.

6. The court shall rule on any such objections by reviewing the original tape recording of the deposition in its custody, or by such other means as it deems appropriate.

7. The transcript of the deposition, as filed with the court by plaintiff, or as modified by the court after objections have been filed and ruled on, shall constitute the official record of the deposition for the purposes of trial and any subsequent hearings or appeals.

8. The defendants may, in accordance with Rule 30(b)(4) of the Federal Rules of Civil Procedure, arrange for stenographic transcription of the deposition at their own expense, or may produce their own original tape recording of the deposition (subject to the provisions of paragraphs 4–7, above).

9. The requirement that testimony be given under oath shall be deemed waived, or alternatively, the oath shall be administered by counsel.

10. The procedures described in this order shall be in lieu of the procedures described in Rule 30 of the Federal Rules of Civil Procedure for the transcription, signing, certification and filing of depositions.

Plaintiff requests this procedure in order to prepare for trial and because neither he nor the law student project have funds to bear the financial burden of stenographic transcription of depositions.

The authority for such a procedure is found in F.R.Civ.P. 30(b)(4) which provides:

"The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense."

The Advisory Committee Note on this provision which was added to Rule 30 in 1970, reads as follows:

"In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—e. g. by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary."

We approve the order proposed by plaintiff with certain modifications.

■ The manifest purpose of the Rule is to facilitate the effective participation of the economically disadvantaged in the federal courts, through the lowering of costs as a result of the use of modern technology. This purpose has special meaning in the case of suits by prisoners based on violations of their constitutional rights. The federal courts have attempted to overcome the substantial practical impediments to the bringing of such suits. Nevertheless, such impediments remain and Rule

30(b)(4) should be read in an attempt to render the ability to bring a suit in federal courts meaningful. The countervailing policy relevant to the interpretation and application of Rule 30(b)(4) is the necessity for the trustworthiness and reliability of depositions. We believe that a proper balancing of these considerations requires approval of the plaintiff's proposal.

The parties have directed the court's attention to a number of cases which have dealt with Rule 30(b)(4). These cases have all recognized that this section embodies the policies set out above and is an invitation to experiment in the successful accommodation of same. However, the courts have varied in their approach to the experiment. Jarosiewicz v. Conlisk, 60 F.R.D. 121, 124–126 (N.D.Ill.1973); Kallen v. Nexus Corporation, 54 F.R.D. 610 (N.D.Ill.1972); Westcott v. Neeman, 55 F.R.D. 257 (D. Neb.1972); Marlboro Products Corp. v. North Am. Philips Corp., 55 F.R.D. 487 (S.D.N.Y.1972); Buck v. Board of Education of the City of New York, 16 F.R. Serv.2d 112 (E.D.N.Y.1972).[1]

■ The procedures outlined by the plaintiff represent a middle ground amongst the procedures discussed in those cases. The *Kallen* and *Wescott* cases are the most rigorous in their requirements. Defendants rely upon them for their insistence upon such safeguards as individual microphones for participants, a detailed log-index of the tape, a third machine for play-back purposes, and an independent sworn operator for the machine. Both these cases are premised on the belief that in the early stage of experimentation under the Rule, the emphasis should be on accuracy and trustworthiness of the record for litigation purposes. However, the court in *Marlboro* took a less rigorous approach based on the premise that experimentation with the new procedure should be encouraged rather than blocked. We agree with the observation of the court in *Marlboro*. Although guarantees of reliability and trustworthiness must be maintained, the court will never be able to assess the different ways of implementing Rule 30(b)(4) if, in an abundance of caution, we insist on procedures so onerous as to make it prohibitively costly. Moreover, in determining the specifics of an order for the conduct of such depositions, in addition to the general guidelines noted above, we think it important to remember that a deposition may be taken either for the purpose of discovery or for use as evidence in an action or for both purposes. The possible prejudice to the deponent-party or defendants, if on the court's examination of the recording and transcript it is found that objections are well-taken, is not great under the Rules.

■ Specifically, we do not require each participant to have an individual microphone but rely upon a common-sense application of paragraph 2 of the order. We agree with the plaintiff that a detailed log-index of the tape recording is not necessary in light of the fact that it is to be transcribed. A third recording machine would certainly be a convenience but this is outweighed by the additional cost. Finally, we do not require an "independent" operator for the reasons set out in the *Marlboro* decision and because the procedure adopted here pursuant to Rule 30(b)(4) includes safeguards for the trustworthiness of the record, by reason of the fact that an original recording shall be deposited with the court, which serves as a substitute for the independence of the stenographer under the traditional approach. Moreover, the plaintiff has agreed, as within his original contemplation, that the order provide: (1) for the use of equipment of sufficient quality to produce an accurate and trustworthy record; (2) that the speakers identify themselves; (3) that two tape recorders

---

1. Some of these cases are discussed in Annot., 16 A.L.R. Fed. 969 (1973).

be used, and (4) that an oath or affirmation be administered to witnesses by counsel. Furthermore in connection with the administration of the oath, the court imposes one additional condition to the extent that the plaintiff wishes to use the deposition at the trial of this action. The oath to witnesses must be administered by a person authorized to do so by law.

Applying the considerations outlined above to· the plaintiff's proposed order as further clarified in the parties memoranda, and with the modifications noted above, we conclude that the procedure outlined is adequate and reasonable for the purpose of allowing the depositions to proceed. The use of such depositions in light of how the procedure works, in fact, is another matter which, as contemplated by the order, must be faced at a more appropriate time.

### ORDER

And now, this 9th day of April, 1974, upon consideration of the motion of the plaintiff and the memoranda of the parties, it is ordered that plaintiff is permitted to take depositions by tape recorder in lieu of stenographic transcription, following, at each such deposition, the procedures and conditions set forth below.

(1) Plaintiff shall use two (2) tape recorders and produce two (2) original tape recordings of the entire deposition;

(2) Plaintiff shall use equipment of sufficient quality to produce an accurate and trustworthy record;

(3) Plaintiff shall supply someone to operate and monitor the recording equipment during the entire deposition who will not be participating in the actual interrogation process;

(4) In order for any deposition taken pursuant to this procedure to be used at the trial of this action as provided for in the Federal Rules of Civil Procedure, an oath or affirmation shall be administered to the witnesses by a person authorized to do so by law;

(5) Speakers shall identify themselves whenever necessary for clarity of the record;

(6) At the end of the deposition, one (1) of the original tape recordings shall be appropriately labeled, placed in a sealed envelope and delivered forthwith into the court's custody;

(7) Plaintiff shall transcribe such portions of the witness' testimony as the plaintiff and/or any of the defendants may wish to have transcribed, from the remaining original tape recording of the deposition, and the original transcript shall be filed with the court and a copy supplied to counsel for the defendants;

(8) Any objections to the accuracy or trustworthiness of the transcript of the deposition shall be made to the court within ten (10) days after it is filed with the court;

(9) The Court shall rule on any such objections by reviewing the original tape recording of the deposition in its custody, or by such other means as it deems appropriate;

(10) The transcript of the deposition, as filed with the court by plaintiff, or as modified by the court after objections have been filed and ruled on, shall constitute the official record of the deposition for the purposes of trial and any subsequent hearings or appeals;

(11) The defendants may, in accordance with Rule 30(b)(4) of the Federal Rules of Civil Procedure, arrange for stenographic transcription of the deposition at their own expense, or may produce their own original tape recording of the deposition (subject to the provisions of paragraphs 7–9, above);

(12) The procedures described in this order shall be in lieu of the procedures described in Rule 30 of the Federal Rules of Civil Procedure for the transcription, signing, certification and filing of depositions.