## Festor v. Blumenschein

*Behrend & Arouson,* for plaintiff.

*Ray, Buck, Margolis, Mahoney & John,* for defendant Uniontown Hospital.

*Thomson, Rhodes & Grigsby,* for individual defendants and professional association.

ADAMS, *J.,* August 22, 1977 — Plaintiff, as the administrator of the estates of his deceased wife and infant daughter, has filed suit in medical malpractice against four defendants, two doctors, a professional association, and a hospital. Plaintiff sought to depose the two individual defendants, and gave proper notice as to time and place of the proceedings. In addition to the stenographic record of the testimony, counsel for plaintiff desired to tape record the audio portion of the deposition on a portable machine. Defense counsel objected, and after argument before this court, these depositions were discontinued.

New notices of deposition were filed, which included notice that plaintiff would be using a portable tape machine to record the testimony. Defendants then filed the motion for protective order now before the court en banc, seeking to prohibit the use of the recorder by plaintiff 's counsel.

No case on point, decided by the courts of this Commonwealth, has been cited or found. In support of the motion, defendants have cited federal cases decided under Federal Rule of Civil Procedure 30(b)(4), requiring a court order before any means, other than stenographic recording and transcription, can be used for the taking of depositions. Only one of these cases concerns the precise issue presently before the court. The District Court of Delaware, in Montgomery Mills, Inc., v. Giffen-Burgess Corp., 62 F.R.D. 105 (1974), allowed counsel for the deposing party to use a tape recorder to preserve the deposition for his own use. The court did, however, place restrictions upon the manner in which the machine was to be used, since the stenographic record, and not the tape, was the official record.

". . . [T]he court directs that the recording device, including the microphone, be placed in an unobtrusive location during the deposition. The Court further directs that since the recordings are not the official record of the proceedings, the plaintiff's counsel shall not interrupt ongoing questions and answers to adjust his recording device or request that questions and answers be repeated because the machine did not record them." Id., at p. 106.

In sum, the court held that the taping must be completely subordinate to the actual conducting of the deposition and the taking of notes by the official court reporter.

While no such rule has been established in the Pennsylvania courts, there are some indications that the policy would be to permit use of the recorder as requested by plaintiff. In the comment to Pa.R.C.P. 4017.1, 42 Pa. C.S.A., which permits the taking of depositions by videotape, it is stated

that when videotape is used, ". . . counsel may bring their own stenographer or tape recorder, if they wish to double check the videotape and also to have an audio record of the evidence if the tape should inadvertently be lost or destroyed." Thus, this comment of the Procedural Rules Committee appointed by the Supreme Court seems to establish a broad policy that tape recording of a deposition, even if the tape be used to double check the official record of testimony, is permissible. The even more limited use of the tape suggested by counsel for plaintiff is well within this policy.

Because of the above reasoning, defendants' motion for protective order must be denied. However, use of the tape will be specifically limited to that personal to counsel, and limitations similar to those established by the District Court of Delaware will be imposed to control the manner in which the tape is produced.

## ORDER

And now, August 22, 1977, after consideration, the motion for protective order ex parte defendants, Gertrude Blumenschein and Margaret Carver, seeking to forbid the use of a tape recorder by plaintiff's counsel when these defendants are deposed, is denied.

Plaintiff's counsel, in using the tape recorder, must operate it in a manner so as not to unduly disrupt the taking of the deposition and the production of the official stenographic record, and shall not interrupt ongoing questions and answers to determine that the machine is functioning.

Furthermore, it is ordered that the tape produced shall in no way be used to challenge the official record of the deposition, but shall be limited to assisting counsel in further preparation of his case.