**Johnny CHAMPAGNE, Plaintiff,**

**v.**

**HYGRADE FOOD PRODUCTS, INC., and Julian Carstens, a/k/a Julian Christiano, Individually and in his capacity as Manager of the Spokane office of Hygrade Food Products, Inc., Defendants.**

No. C–76–297.

United States District Court,
E. D. Washington.

Aug. 28, 1978.

---

Dan Stormer, Spokane Legal Services Center, Helen Tutt, Native American Legal Center, Spokane, Wash., for plaintiff.

John F. Aslin, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendants.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

Plaintiff, in this civil rights (claim of racial discrimination in employment) case, has moved for an order under Rule 30(b)(4) to take oral depositions by non-stenographic means. Plaintiff also seeks approval to record the proceedings by a separate tape recorder. Defendants object, asserting that use of tape recordings is cumbersome and time consuming. The Court has considered the memoranda submitted by the parties.

Plaintiff's motion specifies the procedures for and conditions under which he proposes to record the testimony as:

1. Plaintiff shall use two tape recorders of sufficient quality to produce an accurate and trustworthy record, and produce two original tape recordings of the entire deposition.

   a) At the end of the deposition, the plastic tabs on each cassette will be removed making it impossible to erase or record over the tape.

   b) One of the recordings shall be appropriately labeled, sealed in an envelope and delivered for safekeeping to the Clerk of the Court at the first opportunity.

   c) The other recording will be kept, for possible transcription, at the office of plaintiff's attorney, Native American Legal Center/Spokane Legal Services Center.

   d) Defendants may supply blank cassettes to plaintiff and plaintiff will produce a taped copy of the deposition for defendants or, defendants may record the deposition with their own equipment or, defendants may arrange for stenographic transcription at their own expense.

2. Plaintiff shall supply at least one person to operate and monitor the recording equipment during the entire deposition. This person will not participate in the actual interrogation process.

3. Speakers will identify themselves whenever necessary for clarity of the record.

4. Plaintiff will provide a notary public from the office of the Native American Legal Center/Spokane Legal Services Center who shall witness the entire deposition, administer all oaths and will be deemed the officer before whom the deposition is taken for all other purposes in Rule 30, F.R.C.P. except that such officer shall not be required to certify that a transcription is a true record of the testimony given by the witness if the officer cannot so state.

5. Any party desiring a transcription of all or portions of the deposition may have the recordings transcribed.

6. Rule 30(e), F.R.C.P. providing for submission of the deposition to the witness shall be followed, unless waived as provided in Rule 30(e), F.R.C.P.

7. The proffered transcript, after its submission to the witness, shall be filed with the court and a copy supplied to the other parties.

8. Any objections to the accuracy or trustworthiness of the proffered transcript shall be made to the court within ten (10) days after it is filed with the court or served on counsel, whichever is later.

9. The court shall rule on any such objections by reviewing the original tape recording of the deposition in its custody, or by such other means as it deems appropriate.

10. The transcript of the deposition, as filed with the court, or as modified by the court after objections have been filed and ruled on, shall constitute the official record of the deposition for the purposes of trial and any subsequent hearings or appeals.

■ Rule 30(b)(4) F.R.C.P. authorizes the taking of oral depositions by other than stenographic means under a court order designating the manner of recording and preserving the testimony to insure its accuracy and trustworthiness. This relatively new means of recording deposition testimony is designed to reduce costs of discovery and other pretrial recording proceedings and should be encouraged whenever its use can be accomplished without loss of accuracy and integrity, with attendant economy as against stenographic reporting. *Marlboro Products Corp. v. North Am. Philips Corp.,* 55 F.R.D. 487 (S.D.N.Y.1972); *Colonial Times, Inc. v. Gasch,* 166 U.S.App.D.C. 184, 188, 509 F.2d 517, 521 (1975).

Defendants argue that if electronic recording is to be permitted the Court should require the use of multi-band tapes, individual lavalier microphones, and a microphone mixer to compensate for different speaking levels. Defendant also asks that three machines operate during a deposition, with one of them to be used only to play back portions of the testimony during the deposition. They also ask for digital counters to be used to provide for a log index; for a trained, independent third-party operator to monitor the equipment, and for a Notary Public, also independent from the parties, to witness the proceedings. Some of these requirements were imposed in two early reported decisions permitting tape recorded depositions. *Kallen v. Nexus Corp.,* 54 F.R.D. 610 (N.D.Ill.1972); *Wescott v. Neeman,* 55 F.R.D. 257 (D.Neb.1972).

■ Most of the later cases, however, take a more tolerant view of the kinds of safeguards required. *Colonial Times v. Gasch,* 166 U.S.App.D.C. 184, 509 F.2d 517 (1975); *Lucas v. Curan,* 62 F.R.D. 336 (E.D.Pa.1974); *Marlboro Products Corp. v. North Am. Philips Corp.,* 55 F.R.D. 487 (S.D.N.Y.1972). The opinions point out that requiring a cumbersome and expensive procedure defeats the purpose of permitting tape recordings. These courts have found that tape recordings are quite accurate and that complicated equipment permitting multi-band recording is not necessary. For example, in *Marlboro, supra,* the court points out that the live stenographer cannot perfectly transcribe shouted arguments with four people talking at once either—so why should tape recorders be required to record

such exchanges in a manner which permits perfect transcriptions?

The plaintiff also asks for permission to record a deposition noted by defendant. He states that he has insufficient funds to order a copy of the transcript of the deposition and wishes the recording to be made simply as a form of note-taking superior to that which could be done by hand by the attorney who is present. Defendants argue that this should not be permitted, but cite no authority for denying permission to record. Defendants point to *Montgomery Mills, Inc. v. Giffen-Burgess Corp.,* 62 F.R.D. 105 (D.Del.1974), in which the court permitted such recordings but required that the operation of the recorder be subordinate to the conduct of the depositions and as innocuous as the taking of written notes by counsel, and that microphones and recorders be placed in unobtrusive locations, and that no interruptions of questions and answers be permitted to allow counsel to adjust the recorder or to request repetitions because of faulty recording.

Upon consideration of the parties' contentions, it is

ORDERED that plaintiff's motion to electronically record depositions is GRANTED with the conditions and procedures proposed by plaintiff (items 1–10, pages 672–673 above) as above set forth.

It is FURTHER ORDERED that plaintiff's motion to permit him to tape record depositions taken by defendant by a separate recording device from those used in the official recording is GRANTED, subject to the limitation that (1) plaintiff's tape shall be considered unofficial and for plaintiff's counsel's use only; and (2) the existence or use of such record shall not, in any manner, impede, obstruct or interfere with the taking of the deposition.