CARL F. PLEIER, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 39812-87.     Filed March 22, 1989.

Carl F. Pleier, pro se.
*Jerry L. Leonard,* for the respondent.

## OPINION

PARR, *Judge:* On February 13, 1989, respondent filed a
motion to compel responses to his first set of interrogato-
ries and, upon failure to provide responses, to impose
sanctions under Rule 104.[1] Petitioner objected, and on
March 3, 1989, petitioner filed a motion for protective order
pursuant to Rule 103(a). Petitioner objects to the interroga-
tories on the ground that respondent has not asked any
questions. We agree.

Respondent's interrogatories are set forth below:

Please provide answers to each of the questions below:

1. Prepare the blank 1040 tax forms (Exhibits A through C) showing
each item that you contend is relevant or might be relevant in
determining your correct income tax liability for each year. Technical
assistance and additional forms are available from respondent's counsel,
if requested in sufficient time to allow your timely response to these
questions.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and
Procedure.

2. With respect to determining the correctness of each item on Exhibit A through C:

(a) List on Form A (documents list) all documents relating to each item.

(b) Explain on Form B (document relationship) the extent to which each document, listed on Form A, relates to each item.

(c) Describe on Form C (personally known facts) all personally known facts relating to each item (including your testimony).

(d) Describe on Form D (third person facts) all facts known by persons other than yourself, relating to each item and the name, address and telephone number of such persons.

Respondent attached a blank Form 1040 for each of the 3 years in issue. Respondent also attached four sheets of paper. The first was labeled "form a documents list." The form had four columns headed "line," "page" and "exhibit," on which petitioner was requested to provide a list of documents supporting the items. Form B was entitled "document relationship." It had the same first three columns as Form A, but column four was titled "explain." Forms C and D were entitled "personally known facts" and "third party facts" respectively. The first three columns were identical to the preceding two forms, but column four was entitled "describe."

Rule 103 authorizes the Court to issue protective orders upon a motion of a party or other affected person, and for good cause shown, which justice requires to protect a party or other person from annoyance, embarrassment, oppression, or undue burden or expense. The Court has countless times issued protective orders to protect taxpayers and the Government from having to answer inappropriate interrogatories, or we have simply denied a party's motion to compel responses. See, e.g., *Penn-Field Industries, Inc. v. Commissioner,* 74 T.C. 720 (1980).

Rule 71 sets forth the parameters and requirements of interrogatories. Nowhere in the text of Rule 71 are "interrogatories" defined. The official Tax Court note following revisions made to Rule 71 in 1974 states:

As a method of discovery, *interrogatories consist of written questions* submitted by a party, to which the other side files written answers. * * * [60 T.C. 1057, 1099 (1974). Emphasis added.]

A majority of Rule 71 was modeled after Rule 33 of the Federal Rules of Civil Procedure. 60 T.C. at 1100-1101. The

Federal Rules of Civil Procedure also do not define "interrogatories." However, interrogatories should be simple, concise and concerning only matters relevant to the action. *Jarosiewicz v. Conlisk,* 60 F.R.D. 121 (N.D. Ill. 1973). A request to sign a form authorizing release of medical records is not an interrogatory within the meaning of Rule 33. *McNight v. Blanchard,* 667 F.2d 477 (5th Cir. 1982). It has also been said that:

Interrogatories should be framed, as near as may be, as single, definite questions. * * * Interrogatories should be as simple and definite as the subject matter permits, so that it will be clear what it is the interrogated party is called upon to answer. [4A J. Moore, Federal Practice, par. 33.08 (2d ed. 1948). Fn. refs. omitted.]

A request to fill out Forms 1040 or other forms is not a single, definite question. If respondent wishes to obtain information contained in a Form 1040, respondent must serve petitioner separately numbered, written questions soliciting specific information. Respondent's interrogatories do not comply with Rule 71.

To reflect the foregoing,

> *An order will be entered denying respondent's motion to compel and granting petitioner's motion for protective order.*